## Case No. 408.

### The ANN ARBOR.

[4 Blatchf. 205.][1]

Circuit Court, S. D. New York.   Sept., 1858.[2]

MARITIME LIENS—CANAL-BOATS—CONTRACT OF AFFREIGHTMENT.

A canal-boat, exclusively adapted to canal navigation, and having, of itself, no power, as respects navigation upon public waters, is not subject to a maritime lien, in the admiralty, for a breach of a contract of affreightment.

[Cited in U. S. v. The Ohio, Case No. 15,-915; The E. M. McChesney, Id. 4,463;

[1][Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

[2][Affirming an unreported decree of the district court.]

Salvor Wrecking Co. v. Sectional Dock Co., Id. 12,273. Distinguished in Maltley v. Steam Derrick Boat, Id. 9,000.]

[See Buckley v. Brown, Case No. 2,092; Jones v. Coal Barges, Id. 7,458. Contra, The General Cass, Id. 5,307.]

In admiralty. This was a libel in rem filed in the district court, against the canal-boat Ann Arbor, for the breach of a contract of affreightment in respect to certain tubs of butter, shipped by that craft, from Rome, (N. Y.,) on the Erie canal, to the city of New York. The district court dismissed the libel, [The Ann Arbor, Case No. 407,] and the claimant appealed to this court, where further proof was taken.

Charles Tracy, for libellants.

Edwin W. Stoughton and Benjamin F. Dunning, for claimant.

NELSON, Circuit Justice. I think that the proof, including that taken in this court, leaves the question of fact doubtful, whether the tubs of butter claimed not to have been delivered at the port of destination, were shipped upon the canal-boat at Rome, as averred in the libel. The proof is too doubtful to found a decree upon it for the libellants. I am, also, inclined to think that the canal-boat is not a ship or vessel, upon the North river, or other navigable waters within the admiralty jurisdiction, subject to maritime liens in the admiralty, for breaches of contracts of affreightment. These boats are exclusively adapted to canal navigation. Of themselves, they have no power as respects navigation upon public waters, any more than a raft, an ark, or a mud-scow.

Decree affirmed.