New York County.—HON. D. C. CALVIN, Surrogate.— December, 1879.

## STUBBS *v.* STUBBS.

*In the matter of the estate of* Samuel N Stubbs, *deceased.*

The bequest of the interest of a particular sum will not be construed as giving an annuity, though payable annually, but is simply the gift of the income or interest of the amount.

In the case of a gift of the income of a fund, taxes imposed thereon and the expenses of the trust must be paid out of the income; but in the case of an annuity, no deduction can be made, but all taxes and expenses must be paid out of the estate.

*It seems* that where the testator disposed of the residue of his estate without providing for the payment of taxes, the bequest will be construed to be rather a gift of the income, than an annuity.

Where the testator bequeathed $10,000 to his wife in lieu of dower, to be invested in bond and mortgage, " she to receive the interest of the same for the term of her natural life," and then disposed of the residue of his estate, *Held*, that the bequest to the widow was a gift of the income, and was subject to deductions for taxes and commissions.

An executor, having funds in his hands for that purpose, who fails to pay taxes when due, cannot claim the interest or penalty imposed because of his failure to pay the taxes when due.

Where a testator bequeaths to his wife a sum of money, to be put on bond and mortgage, she to receive the interest during life. with a bequest over upon her death, and the executors invest the fund in bond and mortgage, *Held*, that the legacy vested in the wife as trustee, and that she was entitled to the possession of the bond and mortgage, but that in view of her age (sixty-nine years) the decree should empower her to collect the interest, but not the principal, except on application to the court.

MOTION by the widow of the testator for an accounting by the executors, and for payment to her of $300 and interest from January 6, 1879, and $300 and interest from July 6, 1879.

The petition set forth that decedent died June 20, 1875, leaving a will, and appointing John S. Stubbs and Richard S. Jones, executors; that the same was duly probated and the executors qualified June 24, 1875; that by the will the testator bequeathed unto his wife, the petitioner, for and during her natural life, in lieu of a dower, $10,000, to be put on bond and mortgage, she to receive the interest for her life, and at her decease the said $10,000 to be divided "among other persons named." That petitioner was sixty-two years old at her husband's death, and that, relying upon the income aforesaid and the fact that the executors paid her semi-annually since her husband's death the gross income of $10,000, without deduction for taxes or commissions, she accepted the same under the provisions of the will; that she received from the executors, during 1875 and 1876, $700 per annum; during 1877 and 1878, $600 per annum, being the full interest received by the executors thereon; that about the 6th of January, 1879, there was due interest on the sum which had been invested on bond and mortgage, $300, the payment of which she demanded; on the 6th of July, 1879, $300 more became due, which they had received, but not paid to her, and that they have $600 belonging to her which they neglect and refuse to pay over; and the reason they have given therefor is, that they have paid a city tax which absorbed the same; that she has applied to the tax commissioners of the city, and made searches, and she denies that such money has been thus paid; that it

appeared that in 1878 and 1879, the executors, not as trustees, were assessed $34,000, and April 29, 1879, they had the valuation reduced to $10,000, and that no portion of the taxation has been paid; that no final accounting has been had in this estate, and that it consists of a large amount of personal property, over and above the $10,000 set apart for her annuity; that she is poor and in need, and if she had been charged the taxes at first by the executors, she would have elected to take dower instead of the provisions of the will, but having received the gross income from the $10,000, and relying thereupon she did not interpose her claim for dower.

The executor, Stubbs, by way of answer, sets forth the clause of the will by which the residue of testator's property, over and above the $10,000 legacy to his wife for life, was divided among certain legatees therein named; that the residuary estate had been divided among the residuary legatees. That the $10,000 have been invested on bond and mortgage, under the provisions of the will; that the executors have been assessed for personal taxes for 1876, $13.200, which included the legacy of $10,000, for the benefit of the widow, and have paid the taxes, amounting to $470.15, March 10, 1879. The executors claimed that the taxation on $10,000 should be deducted from the income thereon, and the remainder should only be paid to the widow, which they are willing to do.

The petitioner's attorney made a supplementary affidavit, that since the proceedings were initiated, he had several interviews with the executors' counsel, who admitted that the taxes claimed to have been paid by the executors since the death of decedent was for the

year 1876, as follows : Tax on the whole estate (except as claimed in the letter annexed), under the head of invested in a mercantile house, $369.60 ; accumulation of interest and costs for three years' delay of executors (tax not being paid till 1879), $100.55, equal to $470.15 ; and that no other tax for this or any other year has been claimed, and that for the year 1876 petitioner's whole interest was paid to her.

The executor also filed a supplementary affidavit, to the effect that he was examined by the attorney for the commissioners of personal taxes, and he explained to him that there was the sum of $10,000, invested on bond and mortgage, for the benefit of the petitioner, also $3,200 in savings bank, and $13,000 invested in a mercantile house, and $1,800 in government bonds, making $28,000, and that said attorney held that the $10,000 bond and mortgage, and the $3,200 in savings bank were the only sums liable for taxes, the government bonds being exempt, and the money in the mercantile house paying taxes through the firm, and the taxation was accordingly levied upon $13,200.

EDWARD C. RIPLEY, *for petitioner.*

DAVID THORNTON, *for executors.*

THE SURROGATE.—The terms of the will would seem to vest the $10,000 in the widow in trust ; for it is not given to the executors in trust, and it is probable that an assessment as against the executors could not have been enforced, except for the fact that the executors did assume to control the principal sum to invest it, to collect the interest, and pay the same to the beneficiary, all apparently with her concurrence. But I am entirely

clear in the opinion that the widow can, at most, be charged with the amount levied upon the $10,000, and that any penalty or interest resulting from the non-payment of the taxes when due should not be charged to her, for the reason that she was not guilty of any neglect, but the executors, having funds in their hands sufficient to pay, were guilty of such neglect.

The question involved in this case is whether the $10,000, set apart for the widow, are liable to the payment of a proportionate part of the taxes, or whether the tax is chargeable upon the body of the estate. This point seems to be fully considered and decided in Whitson *v.* Whitson (53 *N. Y.*, 479). In that case the testator bequeathed to his wife the use for life of $10,000, directing his executors to pay lawful interest thereon semi-annually to her from the date of his death, and after his decease the principal to go to her heirs had by him, and without such heirs to his son Oliver, and then disposed of the residue. The executors paid taxes upon the principal sum out of the interest received by them, and the balance to the widow, and on the final accounting, she claimed the whole interest, without deduction for commissions, &c. The Surrogate sustained the claim. It would seem that the general term affirmed the decree of the Surrogate, for the appellants were the executors. Judgment of the Supreme Court affirming the decree was reversed, and the appellants were allowed the amount of taxes, and their commissions on $10,000. Judge GROVER, at page 481, at the commencement of his opinion, says : "The question in this case is whether the bequest to the respondent was the use and income of $10,000 during her life, or an annuity of $700, payable

semi-annually, for the same period. If the former, the taxes upon the fund and expenses of the trust must be paid out of the income." (Citing several authorities.) "If the latter, it is equally clear that that sum must be paid to her from the estate, without any deduction on account of taxes imposed upon the fund producing the annuity, but these must be paid out of the estate." He reaches the conclusion that the language of the will did not give an annuity, and cites 2 *Redf. on Wills*, 453, to the effect that it is settled in the American courts, as a general thing, that a bequest of the interest of a particular sum will not be construed as giving an annuity, though payable annually, but is simply a gift of the income or interest of the amount. The language in the present case is " to receive the interest of the same for the term of her natural life," and comes within the language of Redfield, cited by the learned judge in the case above referred to. Judge GROVER also argues that in that case the construction is confirmed by the fact that the decedent disposed of all of the residue of the estate, so that there was no fund out of which to pay the taxes, which is inconsistent with the intention of the testator to devote any part of said residue to the payment of such taxes. In this case the testator also disposed of the entire residuum. I am entirely clear that the interest given to the widow was such an interest as should be realized after the payment of the necessary taxes and commissions. The taxes should, however, have been paid by the executors when due, they having a fund in their hands for that purpose. None of the interest or penalty, therefore, is chargeable upon the $10,000, and only such proportionate share of the taxes is chargeable upon the

§10,000 as bears the same ratio to $369.60, the whole tax levied, that $10,000 does to 13,200, the whole valuation.

Ordered accordingly.

———

Subsequently a motion was made by the widow for the assignment to her by the executors of the bond and mortgage. The facts were substantially the same as in the preceding application. It appeared, however, that the widow was sixty nine years old.

THE SURROGATE.—In Spear *v.* Tinkham (2 *Barb. Ch.*, 211), at page 215 the Chancellor says: "Where specific articles, not necessarily consumed in using, are bequeathed to a legatee for life, with a limitation over, without any direction to the executor to hold them in trust for the remainderman, the executor is authorized to deliver the same to the person entitled to a life estate therein; taking from such person an inventory and receipt, stating that such articles belong to the first taker for life, and that afterwards they are to be delivered to the legatee, who is entitled to them in remainder." Story, in his Equity Jurisprudence, section 976, says: "The general rule is that wherever a trust exists, either by declaration of the party, or by intendment, or by implication of law, and the party creating the trust has not appointed any executor to execute it, equity will follow the legal estate, and decree the person in which it is to vest to execute the trust." In this case there is no vesting of the legacy in question in the executors, but it is given by the will to the widow, and was evidently so intended, the testator trusting to her to deliver over the

property unimpaired at her decease to the remainderman.

The English rule in chancery, as stated in 2 *Williams on Executors*, 1198 (marginal paging) is, that the old chancery practice required the tenant for life to give security for the protection of the remainderman, but this is no longer required, unless a case of danger is shown. (See *Tiffany & Bullard on Trusts*, 619 ; *Perry on Trusts*, § 541 ; Langworthy *v.* Chadwick, 13 *Conn.*, 42.)

In Taggard. *v.* Piper (118 *Mass.* 315) it was held that a legacy given generally, accompanied by a bequest over, in case the legatee should die without issue, should be paid to the legatee without security. if there be no suggestion that he will waste, secrete, or remove the property ; implying the authority of the remaindermen to demand security, on showing that the estate is in danger of being secreted, &c.

In this case there seems to be little, if any, suggestion of danger to the remaindermen, except such as is anticipated by reason of the advanced age of the tenant for life. I am inclined to the opinion that it will be both safe and just to direct the assignment of the bond and mortgage to her, for the purpose of collecting and using the income, without power to collect the principal, except on application to this court.

Ordered accordingly.