Hunt v. Genet.

---

MARY R. HUNT *et al.*, Respondents, *against* GEORGE C. GENET, as Trustee under the Last Will and Testament of Caroline M. Riggs, Deceased, Appellant.

(Decided April 4th, 1887.)

Plaintiffs, claiming as heirs of C., brought suit in the City Court of New York for rent against a corporation which had leased premises from a trustee of C., who was appointed under an antenuptial agreement made in 1853, which reserved to said C. the power of appointment by will. The corporation obtained an order allowing the payment of money into court and the substitution of defendant as trustee appointed by the will of C., whereupon the plaintiffs amended their complaint, setting forth the invalidity of the will of C., and praying a judgment that defendant in his character as trustee had no claim upon

Hunt *v.* Genet.

the money. The court found the will invalid, and gave judgment for plaintiffs. *Held*, that such action was not founded upon a money demand, and hence was not within the jurisdiction of the city court; and that plaintiffs should not be excused from payment of costs on the ground that they were forced into the issue by the interpleader, the right of action, in any view, belonging to the trustee, and not to the heirs.

APPEAL from a judgment of the General Term of the City Court of New York, affirming a judgment of that court entered upon the decision of the judge on trial by the court without a jury.

The action was brought in the City Court of New York by the plaintiffs as heirs at law of Caroline M. Riggs, deceased, against the New York Refining Company, to recover for rent of premises leased to said company by Franklin C. Field, trustee of said Caroline M. Riggs under a trust deed or antenuptial settlement made in 1853, reserving to said Caroline M. Riggs the power of appointment by will. The defendant company, before answer, on application to the court, obtained an order allowing it to pay the rent in dispute into court and substitute, in place of itself as defendant, George C. Genet as trustee under the last will and testament of Caroline M. Riggs. Thereupon plaintiffs filed an amended complaint alleging facts to show the invalidity of the will of said Caroline M. Riggs, and demanding a further judgment that said George C. Genet, in his character as trustee, had no claim upon the money.

At the trial, the court found that the alleged will of Caroline M. Riggs was invalid, and gave judgment for plaintiffs. From the judgment, defendant Genet appealed to the General Term of the City Court, which affirmed the judgment, and from that decision defendant appealed to this court.

*Albert R. Genet*, for appellant.

*Daniel Lord*, for respondents.

Hunt *v.* Genet.

VAN HOESEN, J. — The only question to be considered is this: Had the City Court jurisdiction of this action?

That court has "jurisdiction of an action against a natural person or against a corporation wherein the complaint demands judgment for a sum of money only." The complaint in this action demands this judgment against Genet, the trustee, "that the plaintiffs are entitled to the said sum of sixty-four dollars, and that the defendant, George C. Genet, as trustee as aforesaid, has no claim to the same." It is plain that, instead of demanding judgment for a sum of money only, the complaint demands the further judgment that Genet in his character as trustee has no claim upon the money. This may at first blush seem like catching at words, but the criticism that I have made upon the prayer for judgment involves the point that is decisive of this case.

What are the plaintiffs seeking to accomplish by this action? To have their mother's will declared void, to have the trust created by the will adjudged invalid because it is in violation of the statute against alienation, to oust the trustee from the performance of his official functions, and thus to get possession of a fund that the will confides to the trustee. The complaint sets out every allegation necessary to support the prayer for relief, and the City Court, in order to warrant the judgment that it rendered in favor of the plaintiffs, was compelled to adjudge the trust invalid. The first finding of law is, "The will of Caroline M. Riggs is not valid." If a trustee fails to pay to his *cestui que trust* the money to which the latter is entitled, is the right to enforce the trust to be treated as a mere demand for money, and upon the theory that he is only demanding judgment for a sum of money, may the *cestui que trust* compel the performance of the trust by suing the trustee in the City Court? Such appears to have been the opinion of the City Court.

In this case, the object of the plaintiffs was to remove the trustee, and terminate his powers. If this judgment stands, that object has been accomplished. As between trustee and *cestui que trust* it is *res adjudicata* that the trust is invalid,

and that the trustee has no right to the rents, or to do any act that falls within the sphere of a trustee's duties. The trustee is displaced as completely as he would be by the judgment of the Supreme, or of a Superior City Court. Did the legislature contemplate anything like this when they conferred upon the City Court jurisdiction of a demand for " money only "?

The order of interpleader cannot enlarge the original jurisdiction of the City Court. If the statute does not give to the City Court the right to oust a trustee by a proceeding instituted for that particular purpose, it is preposterous to suppose that it may turn him out if it can succeed in getting hold of him through the ancillary proceeding of an interpleader.

It seems unnecessary to enlarge upon the point. I think the judgment against the trustee Genet should be reversed.

We are asked to award no costs if the judgment be reversed, and it is argued by the plaintiffs that there is no doubt that the City Court had jurisdiction of the action against the New York Refining Company, the original defendant; and that it is no fault of the plaintiffs that the refining company succeeded in obtaining an order of interpleader, and the substitution in its place as defendant of Genet the trustee. I do not concede that the City Court had jurisdiction of the action as it was brought against the refining company. The refining company is the tenant; the trustee under the marriage settlement of Caroline M. Riggs was the lessor ; and Genet is the testamentary trustee to whom Mrs. Riggs devised the demised premises, under the power of appointment contained in the marriage settlement. The plaintiffs, as heirs at law of Mrs. Riggs, sought to place themselves in the position of successors to Field, the trustee under the marriage settlement, and thus to make themselves the landlords of the refining company. Accordingly they sued the refining company for a month's rent of the demised premises. In order to succeed, they were compelled to attack the validity of the will of Caroline M. Riggs. The refining company in self-defense was

forced to make the trustee under the will a party to the action. He was a necessary party, and the plaintiffs could not possibly have maintained their action without impleading him. His estate could not be taken from him without giving him his day in court.

Of its own motion, if the refining company had not taken exception by answer or by demurrer to the defect of parties, the court would have been compelled, under section 452, to cause Genet to be brought in as a defendant, because in his absence it could "not determine the controversy, as between the parties to it, without prejudice to the rights" of Genet, or by "saving his rights."

The action then from the very first was neither more nor less than a controversy between trustee and *cestuis que trustent* for the possession of the trust estate, and it ought not to have been brought in the City Court. For the costs and the expenses that have been incurred the plaintiffs are morally liable, and their application to be relieved from costs ought not, therefore, to be granted.

A very different case would have been presented if the will had been adjudged invalid by the judgment of a competent court, and if that judgment had been pleaded and proved as a final adjudication of the rights of the parties. In that case there would have been no contest in the City Court over the validity of the will and the ownership of the trust estate; for Genet, if he claimed the rents, would be acting as an individual, and not as a trustee performing his duties.

The judgment should be reversed, with costs.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment reversed, with costs.