## PEOPLE *ex rel.* GRANT *v.* CITY COURT OF NEW YORK.

*(Supreme Court, Special Term, New York County.* June 21, 1888.)

1. COURTS—COURT-ROOMS—DUTY OF SUPERVISORS—CITY COURT OF NEW YORK.
   The city court of New York, formerly the marine court of the city of New York, having been by Acts N. Y. 1872, c. 629, expressly declared to be a court of record, Code Civil Proc. N. Y. § 31, vesting all the courts of record with the power, in case of the neglect of the board of supervisors to provide suitable rooms, furniture, etc., for them, to order the sheriff to make such provision, applies to said court.

2. SAME—REFUSAL OF SHERIFF TO OBEY ORDER OF JUSTICES—CONTEMPT.
   Said section vests the power to make such order, not in the justices of said court, but in the court as such, and prohibition will issue to restrain said court from punishing the sheriff for contempt in disobeying an order made simply by such justices.

Application for writ of prohibition.
*Cockran & Clark,* for relator. *David Leventritt,* for respondent.

LAWRENCE, J. This is an application for an absolute writ of prohibition commanding the city court of New York, and the justices thereof individually, to refrain from making any order punishing Hugh J. Grant, as sheriff of the city and county of New York, as for a contempt in refusing to obey an alleged order made by said justices of said court dated the 6th day of April, 1888. It appears from the moving papers that on the said 6th day of April the relator was served with the following order:
"CITY COURT OF NEW YORK.
"NEW YORK, April 6, 1888.
"Whereas, the justices of the city court have heretofore repeatedly made application to the board of aldermen, to the commissioners of the sinking fund, to the board of estimate and apportionment, and to the mayor of the city of New York to provide proper and adequate accommodations for the said justices in order to prepare opinions in cases pending before them, to consult authorities and cases actually on trial before them, and to consult and prepare opinions in cases submitted to them in general term; and whereas, each and all of the aforesaid board and commissioners, as well as the mayor, have failed and neglected to provide such accommodations; and whereas, the rooms now occupied by the said justices for the aforesaid purposes are totally unfit and inadequate therefor; and whereas, the condition of

the city hall is such that it is dangerous to the health of the said justices to attend to their duties as such therein,—the sewer-pipes being open and the building in process of repair: therefore the said justices, by virtue of the statute in such case made and provided, do order the sheriff of the city and county of New York to provide and furnish suitable and proper rooms and accommodations for the convenience and necessities of said justices, and for the purposes aforesaid, and to certify the expense incurred therefor to the said justices.

"DAVID MCADAM, C. J.                    SIMON M. EHRLICH, J.
"CHAS. J. NEHRBAS, J.                    HENRY P. MCGOWN, J.
"EDW. BROWNE, J.                    WM. F. PITSHKE, J."

It also appears that the relator, having failed to comply with said order, was, on the 25th of May last, served with the following order:

"CITY COURT OF NEW YORK.

"*In the Matter of Hugh J. Grant, Sheriff of the City and County of New York, Charged with Contempt of Court.*—Order.

"On the annexed affidavit, and on the order of the court referred to therein, let Hugh J. Grant, sheriff of the city and county of New York, show cause before this court, at a general term thereof, to be held at the city hall, in the city of New York, on the 28th day of May, 1888, at 10 A. M., why he should not be punished as for a contempt of court in refusing to obey the order of the court aforesaid. Service of this order on or before May 26th to be deemed sufficient.                    DAVID MCADAM, C. J.

"*New York, May 25, 1888.*"

It is alleged by the sheriff's counsel that the city court had no power to make the order requiring him to provide rooms for said court, and that in any event said order was not a court order, being made and signed only by the justices thereof. The power sought to be exercised in this case, if existing at all, is conferred by section 31 of the Code of Civil Procedure, which provides that, except where other provision is made therefor by law, the board of supervisors of each county must provide each court of record, appointed to be held therein, with proper and convenient rooms and furniture, together with attendance, fuel, lights, and stationery suitable and sufficient for the transaction of its business; and, if the supervisors neglect so to do, the court may order the sheriff to make the requisite provision; and the expense incurred by him in carrying the order into effect, when certified by the court, is a county charge.

It is contended by the counsel for the relator, in the first place, that the section of the Code just referred to is not applicable to the county of New York. But, upon examination of the authorities and statutory provisions relied upon by him, I cannot concur in that view. There is nothing in the language of that section of the Code which shows an intention on the part of the legislature to restrict it in its application to counties other than the county of New York. It is taken, in the main, from section 28 of the Code of Procedure, which section, in 1853, by chapter 529 of the Laws of that year, was made applicable to the superior court, the court of common pleas, and the marine court of the city of New York.

It is also contended that section 31 of the Code of Civil Procedure is not applicable to the city court, for the reason that said court is not a court of record. Whatever doubts may have existed on this subject prior to the year 1872 were removed by chapter 629 of the Laws of that year, which declared that "the marine court of the city of New York shall be, and is hereby declared, a court of record, to and for all intents and purposes, and shall continue to be vested with the jurisdiction now conferred upon it by law," etc. It will thus be perceived that, after the passage of the act of 1853 making section 28 of the old Code applicable to the marine court, that court became a court of record. Chapter 529 of the Laws of 1853 was repealed by the gen-

eral repealing act of 1877. It seems to be quite obvious that the reason of the repeal was that as, by section 31 of the Code of Civil Procedure, all courts of record were vested with power, in case the supervisors of any county neglected to provide them with proper and convenient rooms, etc., to direct the sheriff to make the requisite provision, a special act applicable to the superior court, the court of common pleas, and the marine court was unnecessary. I am therefore of the opinion that the contention that section 31 of the Code of Civil Procedure is not applicable to the county of New York, and does not embrace the marine (now city) court within its provisions, is untenable.

It is, however, urged by the counsel for the relator that, even conceding the power of the city court, under section 31 of the Code of Civil Procedure, to order the sheriff to provide rooms, etc., the power thereby conferred has not been properly or legally exercised, inasmuch as that power was conferred upon the court as such, and not upon the justices thereof. In this contention I think the relator is right. The power is purely statutory, and must be strictly followed. See *Heishon* v. *Insurance Co.*, 77 N. Y. 278, where it was held that an order under sections 872 and 873 of the Code must be made by a judge, and could not be made by the court. In *Bullymore* v. *Cooper*, 46 N. Y. 236, an order for the discharge of a debtor imprisoned on execution under article 6, tit. 1, c. 5, p. 30, Rev. St., was held to be without jurisdiction, because the facts required by the statute to be shown by the affidavit were not properly set forth, and it was further held that the sheriff would not have been protected in acting under said order unless it contained a recital of all the facts necessary to give jurisdiction to the court granting it. In that case the court also held that, the power being statutory, the papers presented to the court should conform with exactness to its provisions, and that the omission from the order of the allegation of a fact necessary to show jurisdiction was fatal. See, also, *Bank* v. *Lamb*, 57 Barb. 434; *Dudley* v. *Mayhew*, 3 N. Y. 9. The order for the disobedience of which it is sought to punish the relator for contempt, not having been made by the city court, was not made in pursuance of section 31 of the Code of Civil Procedure, and the authority conferred by that section was not followed. It seems to follow, therefore, that all proceedings by the said court to punish the relator for contempt in not obeying said order are without jurisdiction, and that the application to this court for a writ of prohibition, that said court, and the justices thereof, be prohibited from punishing the relator as for a contempt in refusing to obey the same, is properly made. *Quimbo Appo* v. *People*, 20 N. Y. 531, and cases cited; *People* v. *Tompkins*, 19 Wend. 154. I am therefore of the opinion that the alternative writ of prohibition heretofore granted should be made absolute.