### WARN *v.* EASTON & McMAHON TRANSIT CO.

(*City Court of New York, Special Term.* July 28, 1888.)

SEAMEN—MARINE CAUSES—ACTION FOR WAGES—MASTER OF CANAL-BOAT.

    An action for wages as master of a canal-boat is not a marine cause, within the meaning of Code Civil Proc. § 317, declaring an action in favor of a person belonging to a vessel in the merchant service for services during a voyage to be a marine cause, and is not triable forthwith at chambers.

At chambers. On motion for trial as a marine cause.

Action by David Warn against the Easton & McMahon Transit Company, for wages as master of a canal boat. Code Civil Proc. § 317, provides that "the following actions are styled in this act 'marine causes,' and the court possesses the same jurisdiction of such an action as the supreme court of the state: (1) An action in favor of a person belonging to a vessel in the merchant service against the owner, master, or commander thereof, for the reasonable value of services, or for the breach of a contract to pay for services rendered or to be rendered on board of the vessel during a voyage wholly or partly performed, or intended to be performed, by it. (2) An action in favor of or against a person belonging to or on board of a vessel in the merchant service to recover damages for an assault, battery, or false imprisonment, committed on board the vessel upon the high seas, or in a place without the United States. But this section does not confer upon the marine court authority to proceed as a court of admiralty or maritime jurisdiction."

*John M. Jones*, for plaintiff. *Hyland & Zabriskie*, for defendant.

PITSHKE, J. The question is whether this case is a marine cause, and properly triable forthwith at the chambers branch of the court, without going upon the general calendar. The jurisdiction of this court extends to all kinds of actions wherein the complaint demands judgment for a sum of money only, (Code Civil Proc. § 315;) among them being the actions styled in the Code Civil Procedure, § 317, "marine causes," of which latter this court possesses the same jurisdiction as the supreme court; and hence the recovery therein may be for any amount. In the other actions, for money only, excepting suit on bonds or undertakings given to this court, and suits for breach of promise to marry, the judgment rendered cannot be for more than $2,000, exclusive of interest and costs. Code Civil Proc. § 316. This court, in money cases, proceeds upon an actual or implied contract, or for damages for a personal tort, or injury to property committed. See *McCabe* v. *Doe*, 2 E. D. Smith, 64. The court has, however, no admiralty jurisdiction. The actions known as "marine cases" (Code, § 317, subds. 1, 2) are common-law cases. Seamen, and others belonging to ships and vessels, may sue at common law, *in personam*, for their wages and services. Abb. Shipp. 493; *The Salacia*, 32 Law J. Adm. 41. Seamen have a maritime lien on the vessel for their wages and services, *i. e.*, in admiralty; but the owners or charterers are also person-

ally liable for such wages and services, *i. e.*, by suit at common law, or in the admiralty court, *in personam*. *The Virgin* v. *Vyfhius*, 8 Pet. 552, 553; *The International*, 30 Fed. Rep. 375, 376. Also as well as cases for services at sea are actions for injuries to the person committed abroad maintainable here, without proof in the first instance of the *lex loci*, which is on the presumption that the right to compensation for such services and injuries is recognized by the laws of all countries. *McDonald* v. *Mallory*, 77 N. Y. 551. The vessel, while at sea, is constructively part of the territory of the state to which the vessel belongs; that is, where she is registered and her owner resides. And the rule is, the laws of the state to which such vessel belongs follow her until she come within some other jurisdiction. *McDonald* v. *Mallory, supra*, 553; *Crapo* v. *Kelly*, 16 Wall. 623, 624, 631, 632. As well as in seaman's cases for wages and services, the jurisdictions (by way of action) of the various states and the United States, in matters of personal torts committed at sea, (such as assaults by a master on his crew, injuries to passengers, and the like,) are concurrent, although proceedings *in rem* can be pursued thereon only in the admiralty courts. *McDonald* v. *Mallory, supra*.

The legislature could confer what jurisdiction it pleases on the city court of New York, (formerly marine court,) except that its character as a local court must be preserved, (*Anderson* v. *Reilly*, 66 N. Y. 189; Const. N. Y. art. 6, § 19;) for in every respect, except as to those powers and attributes of sovereignty transferred by and under the national constitution to the government of the United States, this state is an independent sovereign state, unconnected with the other states of the Union, (*McDonald* v. *Mallory, supra*, 546, 547, 552.) The federal courts, therefore, would have exclusive jurisdiction only as to the vessel's relations with foreign governments, or crimes committed thereon, cases of supplies or repairs to the vessel *en route*, maritime liens, and like matters. *McDonald* v. *Mallory, supra*. The right to prosecute all common-law civil remedies in each state has been specially preserved, and irrespective of the foundation of the right of action; and as the common law is competent to give a remedy, the suitor has the option to sue in the state court, whether the action is to enforce a common-law right, or is based on a statute, either state or federal. *Dougan* v. *Transportation Co.*, 56 N. Y. 5; *Cook* v. *Whipple*, 55 N. Y. 164, 165. It is hence clear, under section 317 aforesaid, that this court has the fullest jurisdiction of the actions styled "marine causes" in said Civil Procedure Code, both as to those for the value of or agreed compensation for services rendered or to be rendered upon a merchant vessel during its voyage, and those to recover damages for assault, battery, or false imprisonment on board such a vessel without the United States; in every way co-equal and co-extensive with that of the supreme court of this state in such cases. A marine cause, under said section 317, subd. 1, is limited to the case of a plaintiff belonging to a vessel in the merchant service who seeks to recover for services rendered or to be rendered on board during its voyage. This, of course, is intended to describe a case in which the admiralty courts of the United States have concurrent jurisdiction, for otherwise the case is sufficiently delineated and expressed by section 315. The United States admiralty jurisdiction covers the entire navigable waters of the Union; but the state courts have, as above stated, full concurrent jurisdiction in suits *in personam*, and may even institute the latter by attachment of sufficient maritime property, subjecting the defendant's personal interest in the vessel, etc., to a sale in the state court, or the action may be directly prosecuted in the ordinary way *in personam* simply; for in these cases there is always a personal defendant. *The Hine*, 4 Wall. 555. And see *The Genesee Chief*, 12 How. 443, 453; *Waring* v. *Clarke*, 5 How. 467. And so long as free navigation is not impaired, the respective states may also control such waters until congress enacts otherwise. *County of Mobile* v. *Kimball*, 102 U. S. 691. At common law the natural channels or avenues of

commerce are public highways, and the right of passage is open to every one, free and·unobstructed. *Browne* v. *Scofield*, 8 Barb. 243. All admiralty jurisdiction thereon was surrendered to the Union by the states. A ship or vessel is a locomotive machine for transportation over rivers, seas, and oceans; and it is the purpose and business of the craft, and not its form or its means of propulsion, that determines whether it is a "vessel." Under the United States statutes, all vessels intended for foreign trade must accordingly be registered, while vessels engaged in the coasting trade must be enrolled and licensed. See *Gibbons* v. *Ogden*, 9 Wheat. 195, 211, 212, 215. A canal-boat is not built for the purpose of traversing the waters of the Union. *The Ann Arbor*, 4 Blatchf. 205. Thus says, in *Jackson* v. *The Magnolia*, 20 How. 296, Justice GRIER, who delivered the opinion of the court: "The conferring of exclusive admiralty jurisdiction as to navigable waters was completely within the constitutional powers of congress, unless fresh-water lakes and rivers were necessarily within the category of those that are not navigable, and which consequently could not be subjected to admiralty jurisdiction, any more than canals and railroads." This plainly implies and holds that the internal canals of a state are not among the navigable waters of the Union, but are the state's own arteries. See, also, *Rathbun* v. *Payne*, 19 Wend. 400; *Dygert* v. *Bradley*, 8 Wend. 469; *Farnsworth* v. *Groot*, 6 Cow. 699. A canal is an artificial trench for transportation, and originates under state statutes and charters. Canals are constructed, owned, and managed either by the state itself or by a company incorporated by state law. And their use may be made subject to state tolls, (see *Perrine* v. *Canal Co.*, 9 How. 180, 184, 189,) which cannot be done by any state or under a state law with regard to navigable waters. *Gibbons* v. *Ogden*, 9 Wheat. 1. It is clear beyond a doubt, therefore, that in the United States no admiralty jurisdiction over a canal or its navigation and vehicles of transportation could be conferred on the federal courts; and hence a marine cause, under said section 317, wherein this court, the New York supreme court, and the admiralty courts are intended to have concurrent and co-equal jurisdiction *in personam*, would not lie or be maintainable at the instance of a plaintiff belonging to a canal-boat, but the action must be prosecuted in the ordinary and limited way. In common parlance a canal-boat is not a ship or vessel, which means those navigating the ocean, or such as go coastwise, from one point to another, and require a coasting license under United States laws. *Many* v. *Noyes*, 5 Hill, 35. It is only where an enactment speaks distinguishingly of sea-going and other vessels that the phrase "other vessels" would be received in its largest sense, and as including all craft navigating any of the waters or canals of the state. *Crawford* v. *Collins*, 30 How. Pr. 398. Otherwise, when only a ship or vessel is mentioned, (as in said section 317,) the same must be confined to its ordinary signification of sea-going or coastwise craft, including, of course, that for river navigation. Further, said section 317 is expressly only applicable to cases where the craft referred to before the court is a vessel in the merchant service, (*i. e.*, a merchant-man,) and the same performed, or was intended to perform, a voyage. But a canal-boat performs no voyage. A voyage is the passage of a ship over and upon the seas, from one port to another, or to several ports. Bouv. Law Dict. 793. A voyage is when a vessel quits her mooring in complete readiness for sea. *Bowen* v. *Insurance Co.*, 20 Pick. 278. A canal-boat, however, is designed to make a transit over the artificial waters of a canal, from port to port, similar to the vehicles on a railroad between two ports. The boat mentioned in the complaint herein, of which plaintiff is the master, was therefore not a vessel in the merchant service, performing voyages; and the present case is hence not a marine cause under said section 317, Code Civil Proc. The action·must be put on the general calendar for trial in its regular order with other ordinary issues. Ordered accordingly.