## *In re* DEPUY'S ESTATE.

(*Supreme Court, General Term, Third Department.* February 24, 1890.)

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF DEMANDS.

Under Code Civil Proc. N. Y. § 2718, requiring the surrogate to dismiss a claim against a decedent's estate when the administrator sets up facts showing that the validity of the claim is doubtful, and denies its validity, a claim based on a judgment should be dismissed when the administrator alleges that the judge who rendered the judgment was disqualified, and this fact is not denied.

Appeal from surrogate's court, Ulster county.

Application by Stephen Burkhalter for the payment of a claim against the estate of Lewis Depuy, deceased. An order was entered dismissing the petition, and petitioner appeals. Prior to 1883, 3 Rev. St. (6th Ed.) p. 436, § 2, provided that a judge shall not sit in any case "in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edgar E. Ougheltree, (John D. Eckert,* of counsel,) for appellant. *F. L. Westbrook,* for respondent.

LEARNED, P. J. The petitioner applied to the surrogate for payment of a claim against the estate of the deceased. He showed the recovery of a judgment in October, 1877, against the deceased and Sabina E. Depuy. The answer of the administratrix, under section 2718, set forth facts showing that the claim was doubtful, and the surrogate dismissed the petition. The petitioner appeals. The facts shown were that the justice of the supreme court who rendered the judgment against the defendants was related within the ninth degree to the defendant, Lewis Depuy. The judgment was recovered before the statute of 1883.[1] But the relation was in fact within the sixth degree. The judgment was therefore void, even though it had not been set aside. This relationship being shown, and not denied, the surrogate could not consider the judgment binding on him or on the parties. He therefore properly dismissed the petition, leaving the claimant to seek his remedy by action on the original liability, if he should be so advised. Order affirmed, with $10 costs and printing disbursements. All concur.

---

[1] Laws N. Y. 1883, c. 234, amending Code Civil Proc. § 46, provides that "a judge shall not sit as such in, or take part in, the decision of a cause or matter, * * * if he is related by consanguinity or affinity to any party to the controversy, within the sixth degree."