and that what he gave was only an estate in expectancy, in value not more than one-half of that of his wife. It was five years before the life-tenancy of his mother was terminated, and he came into possession of the property left him as remainder-man under his father's will. At any time previous to his mother's death, had he died, his wife would have taken only the small estate, if any, which he had. Had she died the day after the wills were made, he would have taken an estate which at her death is shown to have been worth $50,000. If the scheme of reciprocal wills was concocted by the wife, I am convinced that he acquiesced in it intelligently and understandingly and voluntarily, under the selfish belief that it would be greatly to his advantage, if he outlived her. He was willing take his chances. With her increasing habits of dissipation, he might well believe that he would outlive her; and, as his death only preceded hers by four months, if such was his belief his calculation was not far from right. But he lived in fair health six years after the date of the instrument, and never disavowed its provisions. At any time he could have formally revoked it, or could have made another by which his children, to whom he owed a parental duty, would have been provided for. That his thoughts had been turned to the subject is shown by the testimony of Mr. White, the draughtsman of the instrument under consideration, to whom he stated that he wished to see him, to make a new will. He neglected his opportunity or abandoned his purpose; and, as a consequence, one son is coldly shut off with a pittance, and the other, a helpless imbecile, is cruelly denied the sustenance to which the law of nature entitles him. His father's treatment of him was brutal. But under the law the injustice of a competent testator towards the natural objects of his loving-kindness and bounty cannot affect the validity of his will, and I am compelled to hold that the contestants have failed to sustain their allegation of undue influence. A decree of probate may be presented.

---

### *In re* RADDE'S ESTATE.

*(Surrogate's Court, New York County. April 26, 1890.)*

JUDGMENT—COLLATERAL ATTACK—NEW YORK CITY COURT.
    Under Code Civil Proc. N. Y. § 316, subd. 3, withholding jurisdiction from the city court of New York in actions against an executor or administrator in his individual capacity, a judgment recovered in that court against an administrator is void, though he appeared and answered in the action, and may be adjudged such by the surrogate in the accounting proceedings by the administrator.

Application by the administrator of the estate of William Radde for an order striking out the name of Mary L. Tyler as a party to the proceeding for the settlement of his accounts as administrator.

*Herman F. Koepe,* for the administrator.    *Lord, Day & Lord,* for Mary L. Tyler.

RANSOM, S. During the pendency of the proceeding of the accounting of the administrator herein, in 1887, Mary L. Tyler, the respondent, was allowed to intervene, and was made a party to the proceeding, by an order entered February 15, 1887. Her petition, upon which the order was based, set forth, among other things, that she was a judgment creditor of decedent; that on or about May 4, 1886, she served her proof of claim upon the administrator, and thereupon received a notice disputing the same, whereupon she served upon the administrator's attorney an order to refer the claim, which was not accepted. In October, 1886, the administrator filed his account, and, objections thereto having been made, a reference was ordered. In March, 1887, the administrator was allowed to file an amended account, to which objections were made and reference ordered. In April, 1888, the report of the referee was confirmed, except as to one item, concerning which further testimony was taken, and in July, 1888, the final report of the referee was confirmed, and in

November of the same year a decree was entered, which provided that the administrator should at once file a supplemental account. Such account was not filed, and on the application of Mary L. Tyler, the alleged judgment creditor, an order was entered March 24, 1889, directing the administrator to file such account on or before April 1st instant. Application is now made by the administrator for an order striking out the name of Mary L. Tyler as a party to the proceeding, and adjudging that she has no standing as a creditor, upon the ground that the judgment she recovered against the administrator was wholly void and without effect, and that by the lapse of six months after the rejection of her claim, without the commencement of an action to enforce its payment, it was therefore barred. If this judgment is invalid, the creditor not having commenced an action within six months after the rejection of her claim, it is barred by the short statute of limitations. I am satisfied that the surrogate has power to determine the validity of this judgment, (see *In re Depuy's Estate*, 8 N. Y. Supp. 229,) though, if it were confessedly recovered in a court of competent jurisdiction, it could not be attacked here, (*McNulty* v. *Hurd*, 72 N. Y. 518; *Freeman* v. *Nelson*, 4 Redf. Sur. 374.) But that is the precise question in this case: Had the city court jurisdiction, and, if not, was that defect waived by the administrator, who appeared and answered in the action? The action brought against him was for the rent of premises hired by the decedent in his life-time, and for damages for alleged waste committed thereon. Subdivision 3 of section 316 of the Code of Civil Procedure, limiting the jurisdiction of the marine court, provides that it has not jurisdiction of an action commenced against an executor or administrator in his representative capacity. It is also claimed that, the city court having jurisdiction of the subject-matter of the action, consent gave jurisdiction over the defendant, who voluntarily submitted. I do not agree with this proposition. In *Davidsburgh* v. *Insurance Co.*, (reported in 90 N. Y., at page 526,) an action was commenced in the city court of Brooklyn against a domestic corporation. By the Laws of 1870, jurisdiction is conferred on that court "where any of the defendants shall reside, or are personally served with a summons, within the said city." The defendant appeared, (the summons having been served upon its secretary, who resided in Brooklyn,) and at the close of plaintiff's case moved that the complaint be dismissed on the ground of want of jurisdiction. This motion was granted. The court of appeals say: "The defendant did not take the objection [want of jurisdiction] by its answer, but at the end of the plaintiff's case. The point of time does not seem material. The court could not acquire jurisdiction by consent, and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. There are, no doubt, many cases where the court, having jurisdiction over the subject-matter, may proceed against a defendant who voluntarily submits to its decision; but, where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or *status* of the defendant is made a jurisdictional fact." In *Risley* v. *Bank*, 83 N. Y. 337, the court say: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause;  *  *  *  and an erroneous ruling or decision, in the course of the proceedings, does not render its judgment void; but a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, acquires no jurisdiction, and its judgment is a nullity, and will so be treated when it comes in question, either directly or collaterally." See, also, cases cited. In *Callahan* v. *Mayor, etc.*, 66 N. Y. 656, an action was brought in the marine court to recover salary alleged to be due and unpaid plaintiff's testator as assistant sergeant at arms of the board of aldermen. Defendant appeared and answered by attorney, and at the close of the evidence moved to dismiss the complaint on the ground, among others,

that the marine court "had no jurisdiction of the action or of the defendant;" which motion was denied, and judgment directed for plaintiff. The court of appeals held that the officers in a municipal corporation cannot, by consent or omission to object, give to a court jurisdiction in an action against the corporation where the law has conferred elsewhere exclusive jurisdiction of actions against it, and that the appearance and answer by attorney of defendant was not a waiver of the question of jurisdiction, and did not confer jurisdiction. The decisions above cited are in point with and cover all the questions arising in the case at bar. I hold, therefore, that the judgment recovered was invalid and void; and that the claim of the creditor having been disputed and rejected, and no action commenced by her to enforce it within six months from its rejection, she is barred by the statute of limitations, and is not a party interested in the proceeding herein.

The application is granted.

---

## In re KOCH'S ESTATE.

(*Surrogate's Court, New York County.* May 8, 1890.)

1. DESCENT AND DISTRIBUTION—RIGHTS OF WIDOW.

Laws N. Y. 1889, c. 406, § 1, (amending Rev. St. N. Y. pt. 2, c. 2, as amended by Laws 1830, c. 320,) providing that, if an "intestate" shall leave a widow and descendants, the widow, in addition to any interest she may be entitled to under the preceding sections of chapter 2, (which relate to the descent of real property,) shall be entitled to the use during her life of an additional portion of the estate, not exceeding in value $1,000, has no application where a person dies testate.

2. SAME—ALLOWANCE OF PERSONALTY.

Laws N. Y. 1889, c. 406, § 2, (amending Laws N. Y. 1842, c. 157, § 2,) provides, when a man dies, leaving a widow, there shall be set apart for the use of such widow necessary household furniture, provisions, or other personal property, to the value of not exceeding $150, in addition to the personal property now exempt from appraisal by said section; "and in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said $150, shall be of less value than $1,000," the appraisers shall set apart to her personal property which, together with the real estate, shall amount to $1,000. *Held*, that the widow is not entitled to the additional personal property to make the $1,000, except where her husband leaves real estate.

Application by the widow of William Koch, deceased, to have property belonging to the estate set apart to her.

*Peter Cook*, for petitioner. *George Haas*, for the executor.

RANSOM, S. Application is made by the widow of decedent for a decree requiring the executor to set apart property, as prescribed by chapter 406, Laws 1889. The testator died, leaving no real estate or interest in real estate, and by his will bequeathed all his personal property to his wife, the petitioner herein, except a certain mortgage of $1,000, which was bequeathed to his infant son. By the inventory which has been duly made and filed it appears that the entire value of the personalty is about $1,200, including the mortgage above mentioned. It is claimed by the petitioner that, in addition to the property bequeathed to her, the executor should set apart other property to the value of $850. She evidently applies under section 1, c. 406, Laws 1889, but this section applies only to cases of intestacy. It amends chapter 2 of part 2 of the Revised Statutes, as amended by chapter 320 of the Laws of 1830, by making an additional section to said chapter, to be known as section 30, which is as follows: "If the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter two,[1] shall be entitled to the use, during her life, of an additional portion of the estate, not exceeding in value one thousand dollars; and, in case the intestate shall leave a widow

---

[1] The preceding sections relate to the descent of real property.