*In re* KNOOP'S ESTATE.

*(Surrogate's Court, New York County.* June 17, 1890.)

CITY COURT OF NEW YORK—JURISDICTION—ACTION AGAINST EXECUTORS.

Code Civil Proc. N. Y. § 316, which limits the jurisdiction of the city court of New York, provided (subdivision 3) that "the court has not jurisdiction of an action commenced against an executor or administrator, in his representative capacity." Laws N. Y. 1889, c. 441, amending said section 316, omits subdivision 3. *Held,* that the city court of New York has jurisdiction of actions against executors and administrators.[1]

Application for leave to issue executions on judgments rendered by the city court of New York against the executor of Anna Knoop, deceased. Code Civil Proc. N. Y. § 316, is as follows: "The jurisdiction conferred by the last section is subject to the following limitations and regulations: (1) In an action wherein the complaint demands judgment for a sum of money only, the sum, for which judgment is rendered in favor of the plaintiff, cannot ex-

[1] See note at end of case.

ceed two thousand dollars, exclusive of interest, and costs as taxed, except where it is brought upon a bond or undertaking given in an action or special proceeding in the same court, or before a justice thereof; or to recover damages for a breach of promise of marriage; or where it is a marine cause, as that expression is defined in the next section. Where the action is brought upon a bond or other contract, the judgment must be for the sum actually due, without regard to the penalty therein contained; and, where the money is payable in installments, successive action may be brought for the installments, as they become due. (2) In an action to recover one or more chattels, a judgment cannot be rendered in favor of the plaintiff, for a chattel, or chattels, the aggregate value of which exceeds two thousand dollars. (3) The court has not jurisdiction of an action commenced against an executor or administrator in his representative capacity; but this subdivision does not prevent the court from continuing an action against an executor or administrator, or from substituting an executor or administrator in place of a defendant, in an action in a case where it is prescribed in this act that a continuance or substitution may be made." Laws N. Y. 1889, c. 441, amends section 316 by omitting subdivision 3 therefrom.

*Peter Cook*, for the motion. *Frederick H. Ernst*, opposed.

RANSOM, S. Section 316 of the Code of Civil Procedure, as it stood previously to the enactment of chapter 441 of the Laws of 1889, prescribed that its third subdivision shou ld operate as a limitation and restriction upon the first subdivision of section 315, and thus plainly recognized that said first subdivision would have conferred, by its terms, jurisdiction upon the marine (now city) court, to entertain an action against an executor or administrator in the absence of such limitation or restriction. The limitation has been removed by the chapter mentioned, and I have no doubt that, since, the city court, which has succeeded to the jurisdiction of the marine court, had complete power to render the judgments which have been attacked. Application granted.

NOTE.

CITY COURT OF NEW YORK—JURISDICTION IN GENERAL. The city court of New York is a court of special and limited jurisdiction, and its authority over the subject-matter must be made to appear. Ford v. Babcock, 1 Denio, 158; Frees v. Ford, 6 N. Y. 178; Bank v. Judson, 8 N. Y. 260; People v. Bradner, 13 N. E. Rep. 87.

JURISDICTIONAL AMOUNT—JUDGMENT FOR MONEY ONLY. Laws N. Y. 1875, c. 479, § 1, (Code Civil Proc. § 316, subd. 1,) provides that in an action in the city court of New York, wherein the complaint demands judgment for a sum of money only, the sum for which the judgment is rendered in favor of plaintiff cannot exceed $2,000, exclusive of interest and costs as taxed. *Held*, that the amount for which judgment is rendered, and not the amount demanded in the complaint, determines the jurisdiction of the city court. In re Barbour, 52 How. Pr. 94. Where a judgment by default is entered for more than $2,000, it is a mere irregularity, which may be corrected by amendment. Roof v. Meyer, 8 Civil Proc. R. 60.

—— TRUSTS. Where a judgment sought for a certain sum of money necessarily involves a finding that a trust is invalid, the complaint does not demand "judgment for a sum of money only," within Code Civil Proc. N. Y. § 315, subd. 1. Hunt v. Genet, 14 Daly, 225.

CONSOLIDATING ACTIONS. Where several actions, each for less than $2,000, are pending between the same parties in the city court, they may be consolidated, (Code Civil Proc. N. Y. § 817,) and judgment entered for the aggregate amount, though it exceeds $2,000. Bush v. Abrahams, 2 N. Y. Supp. 391.

MARINE CAUSES. An action for wages as master of a canal-boat is not a "marine cause," which is defined in Code Civil Proc. N. Y. § 317, prescribing the jurisdiction of the city court, as "an action in favor of a person belonging to a vessel in the merchant service against the owner, master, or commander thereof, for the reasonable value of services, or for the breach of a contract to pay for services rendered or to be rendered on board of the vessel during a voyage wholly or partly performed, or intended to be performed, by it." Warn v. Transit Co., 2 N. Y. Supp. 620.

POWERS AS A COURT OF RECORD. The city court of New York, being expressly declared a court of record by Laws N. Y. 1872, c. 629, may order the sheriff to provide suitable rooms, furniture, etc., for the court, where the board of supervisors neglect to do so; Code Civil Proc. N. Y. § 31, giving courts of record authority to make such

order. The authority to make this order, however, is vested not in the justices of the court, but in the court as such. People v. City Court, 1 N. Y. Supp. 890.

NON-RESIDENT OF NEW YORK CITY—ATTACHMENT. Where it appears that defendant owns a store in New York city, which is managed by her husband under a power of attorney, that she seldom visits the store, and there is no evidence that she takes an active part in the business, she is within Code Civil Proc. N. Y. § 3169, subd. 3, which provides for an attachment in the city court of New York where defendant, "being a resident of the state, is not a resident of the city of New York, and has not an office within that city where he regularly transacts business in person." Bowman v. Perine, 7 N. Y. Supp. 155. The city court cannot grant an attachment against a domestic corporation on the ground that it has disposed of its property with intent to defraud creditors, its jurisdiction to issue attachments against the property of a corporation being limited to cases where "defendant is a foreign corporation or a domestic corporation, whose principal place of business is not within the city of New York." Section 636, providing that an attachment may be granted where it is shown by affidavit, "if defendant is a natural person or a domestic corporation, that he or it has removed, or is about to remove, property from the state with intent to defraud his or its creditors," applies only to superior courts of record. Mershon v. Publishing Co., 4 Civil Proc. R. 319.

ACTIONS TO TRY TITLE TO LAND. Laws N. Y. 1875, c. 479, § 1, removing the restriction (Code Proc. N. Y. §§ 53, 54, 65) that the city court of New York shall not have jurisdiction of actions to try title to land, except in actions for trespass on lands, authorized the city court to try an action to recover a deposit made on a contract to purchase land, which the vendee rescinded, because the vendor's title was defective. McCrea v. Jacobs, 19 Abb. N. C. 188.

EQUITY. The city court has no jurisdiction of actions in equity. McMahon v. Rauhr, 3 Daly, 116; Blewitt v. Olin, 14 Daly, 351. It cannot entertain an action to reform a contract. Lynch v. Dowling, 1 City Ct. R. 163. Where an assignment of a life-insurance policy by the assured to his creditor, though *prima facie* absolute, was treated by all parties as intended for security merely, and the creditor himself did not claim the entire amount of insurance, but on the death of the assured surrendered the policy and assignment, with the notes which it was intended to secure, on payment of his claim by the insurer, it is not essential that a court of equity should decide that the assignment was intended as security merely, and an action to enforce payment of the balance of the policy to the representatives of the assured may be brought in the city court. Cushman v. Society, 9 N. Y. Supp. 272. Equitable defenses, however, may be interposed in the city court. Code Civil Proc. N. Y. § 3347, subd. 4; Mack v. Kitsell, 20 Abb. N. C. 293.

INTERPLEADER—EQUITY POWERS. The city court, having jurisdiction in matters of interpleader, (Code Civil Proc. § 820,) has all the equity powers necessary to complete its determination in such matters. Smith v. Bank, 2 N. Y. Supp. 617.

MANDAMUS. Laws N. Y. 1886, c. 498, conferring upon "any court of record" power to issue writs of *mandamus* to the board of excise in certain cases, does not apply to the city court of New York, it being an inferior court of record. People v. Board of Excise, 3 N. Y. St. Rep. 253.

FORECLOSURE OF MECHANIC'S LIEN—FRAUDULENT CONVEYANCES. Since the city court has jurisdiction of an action to foreclose a mechanic's lien, (Code Civil Proc. N. Y. § 315, subd. 2,) it has power, as incident to that jurisdiction, to declare fraudulent a transfer intended to defeat that lien. Murray v. Gerety, ante, 205.

UNINCORPORATED ASSOCIATION. An unincorporated association may be sued under Code Civil Proc. N. Y. § 1919, in the name of its president, etc., in the city court of New York. Winter v. Hamm, 5 Civil Proc. R. 194.

ACTIONS AGAINST THE CITY. The city court has no jurisdiction of actions against the city of New York, nor can it acquire jurisdiction by consent of the city officers, or by their failure to object. Callahan v. Mayor, 66 N. Y. 656.

OBJECTIONS WAIVED—APPEARANCE. Where the city court of New York has jurisdiction of the subject-matter of an action brought therein, a defendant, by appearing and answering to the merits, waives any objection to jurisdiction over the person; and it is immaterial whether defendant is a natural person or a corporation. Carpenter v. Railroad Co., 11 Abb. Pr. (N. S.) 416. See, also, Goldman v. Monds, 1 City Ct. R. 97. But the objection is not waived by appearing to move to set aside an attachment. Tiffany v. Lord, 65 N. Y. 310. Before the repeal of Code Civil Proc. N. Y. § 316, subd. 3, which declared that the city court had no jurisdiction of actions against executors and administrators, it was held that a judgment against an executor in an action brought in the city court was void, though the executor appeared and made defense. In re Radde's Estate, 9 N. Y. Supp. 812.