WM. McMAHON AND OTHERS *v.* GEORGE RAUHR AND OTHERS.

The individual members of a voluntary unincorporated association have no power,. except in their collective capacity, to dispose of its property or effects, or of any supposed proportionate part or interest therein.

One of the members of an unincorporated society or club made a contract with it to build a pleasure boat, and the club advanced to him, on account of the contract. price, the sum of $500. The contracting member, having failed to perform his. contract, twenty members of the club executed to four other members, the plaintiffs, an assignment of their interest in the contract. The assignees sued the contracting member in the Marine Court, to recover the $500 advanced, making parties defendant (under Code, §§ 118 and 119) the remaining members who had refused to execute the assignment, or to unite as plaintiffs in the action: *Held*, that the action could not be maintained. Although a court of equity might afford relief in such a case, there being no remedy at law, the Marine Court, which has no equitable powers, could not render a judgment in favor of the plaintiffs.

APPEAL, by the defendant Rauhr, from a judgment of the general term of the Marine Court. The facts sufficiently appear in the opinion of the court.

*David McAdam*, for appellant.

*D. & T. McMahon*, for respondents.

BY THE COURT—DALY, F. J.—But one point is taken upon this appeal, and that is decisive against the plaintiffs' right to the judgment. The plaintiffs and the defendants, with others, who are named but not joined as parties, are members of a. voluntary unincorporated association, known by the designation of the Mutual Pleasure Club, organized for the recreation of its members in boating and yachting. The action was brought to recover $500 advanced by the club to the defendant Rauhr, one of its members, upon a contract which he made to build a boat for the club, which boat upon trial proved defective ;

whereupon Rauhr agreed to build another boat for them in two weeks' time, and to give them security for the $500, which agreement he wholly failed to perform.

Twenty members of the club executed to the plaintiffs, four members of the club, an assignment in writing of all their interest in the contract which Rauhr had broken, and the plaintiffs brought this action to recover back the $500, making the other members, who had refused to join in the assignment or to unite as plaintiffs, parties defendant with Rauhr, under sections 118 and 119 of the Code, which are applicable to the Marine Court.

" It is," says Chitty, (1 Chitty on Pleading, 45, 6th Am. ed.) " an answer to an action that a party is *legally interested* in each side of the question "—a proposition fully sustained by the authorities (*Holmes* v. *Higgins,* 1 Barn. & Cres. 74; *Moffat* v. *Van Mulligen,* 2 Chitty R. 539; *Bosanquet* v. *Wray,* 6 Taunt. 597; *Trustees of the Methodist Episcopal Church* v. *Stewart,* 27 Barb. 553; *Cary* v. *Williams,* 1 Duer, 667). This is the rule in actions at law; and the rule in equity is, that persons having adverse or conflicting interests in the subject-matter of the litigation, cannot be joined as plaintiffs (*Grant* v. *Van Schoonhoven,* 9 Paige, 255; *Davies* v. *Quarterman,* 5 Lond. Jurist, 93; Hunter on Suits in Equity, pp. 14, 15, 16).

This rule is ordinarily applied in the case of partners, neither of whom can maintain an action at law against the other, because each has a joint interest in the property and effects of the firm, and their respective rights can be adjusted and settled only by a suit in equity. But I doubt if there is any reason for applying this rule to a voluntary society or club, the property of which is a mere incident to, and not the main purpose of the association; the members having no severable proprietary interest in it, or a right to any proportionate part of it, if they resign, forfeit their membership or are expelled. They have merely the enjoyment and use of it while members, and, if they are then members, a right to a proportionate share of its assets when it is dissolved (*White* v. *Brownell,* 2 Daly, 329; s. c. 4 Abb. Pr. Rep. N. S. 190, 191; *in re The St. James' Club,* 13 Eng. Law & Eq. Rep. 592; *Caldicott* v. *Griffiths,* 8 Excq.

R. 898). " Although," says Duer, J., in *Habicht* v. *Pemberton*, 4 Sandf. 658), " the society is not incorporated, its members are not necessarily either partners or joint owners. They may have only an equitable, and that only an eventual or contingent, interest in the property or funds of the society," and he held, in that case, that no one or more of the members short of the whole, could maintain an action respecting the funds or property of the organization, unless the right to do so was expressly given by the conditions of the agreement under which the members were united into a body. In the present case, the judgment assumes that that right is given by twenty to four of the members, the remaining members being, as they may be in the Marine Court, made parties defendants. All the parties having any interest to be affected by the judgment, are, it is true, before the court ; but the judgment given is a judgment against Rauhr for $500, in favor of the four plaintiffs, to whom the twenty have assigned all their interest, and such a judgment cannot be sustained. If the suit had been brought for the benefit of the organization, against Rauhr, and all who had refused to unite as plaintiffs had been made defendants, it could be maintained in a court having equitable jurisdiction ; for a court of equity could so frame its decree as to provide that the $500 should be paid by Rauhr to the treasurer of the club, it appearing by its by-laws, which were given in evidence, that it has a treasurer charged by the by-laws with the duty of keeping a correct account of all moneys received and expended, and who is not to dispose of any money belonging to the club, except when ordered by the president's countersigning the bill. But upon the judgment now rendered, the $500 goes absolutely to four members, to whom the twenty could not assign it, and who have only their proportionate interest in it ; and even this they could not do, for the club is not dissolved, or it has not been shown that it is ; nor would the effect of such a judgment be to dissolve it. While it continues, the individual members, except in their collective capacity, have no power to dispose of its property or effects, or of any supposed proportional part or interest in either. While the club continues in the exercise of

McMahon v. Rauhr.

the objects and purposes for which it was organized, the treasurer is the custodian of all moneys received and expended, and he cannot dispose of the money, except upon the authority of the principal officer or president; nor can the members, except when they are organized collectively, in the manner and form provided for by their rules or by-laws.

It is suggested that no action could be maintained in any tribunal by the rest of the members against Rauhr to recover from him this $500, for the reason that he has exactly the same equal interest as the rest in the claim, and that if he were compelled to pay the $500, he would have to bring an action against all the rest to recover his proportionate part of it. The answer is, as before stated, that neither he nor any other member is entitled to any proportionate part of the funds or property of the body, the whole of which belongs to the organization while it continues to exist; and when it ceases, by voluntary dissolution or otherwise, those who are then members take, and not until then, their proportionate share of its assets, if there be any. If the action had been brought as it should have been in a court having equitable jurisdiction, there would have been no difficulty, in my judgment, in maintaining it; equitable actions being adapted to meet those cases where there should be a remedy, and where none can be obtained by an action at law, but no action could be maintained in the Marine Court, as that court has not the equitable powers essential to enable it to give relief.

The judgment should be reversed.

Judgment reversed.