## MACK v. KITSELL.

### N. Y. City Court, Special Term; June, 1887.

1. *Principal and surety; equitable right to indemnity.*]. The claim of
a surety to compel his principal to discharge the liability, although
the surety has not yet actually paid anything, is available under
the new Procedure as an equitable defense to an action by the
principal or one standing in his shoes on an independent cause of
action, on which the surety is indebted to the principal.

2. *The same ; case in judgment.*] An assignee for the benefit of cred-
itors sued for the price of goods sold.—*Held*, that defendant might
plead as an equitable defense, that he had made accommodation
paper for the benefit of the assignor, in reliance on the assignor's
promise to hold him harmless; and that the assignor, being insol-
vent and the paper unpaid, judgment had been recovered against
defendant therein ; for in such case defendant is equitably entitled
to have the debt claimed by the assignee applied in satisfaction of
the defendant's liability as surety.

3. *New York City court.*] Since the provisions of chap. 6. of the Code
of Civil Procedure,—which relate to pleading in courts of record
including counter claims,—apply to the N. Y. City court (*N. Y.
Code Civ. Pro.*, § 3347, subd. 4) as well as to county courts, supe-
rior city courts and the supreme court,—equitable defenses may be
pleaded in the city court in the same cases as in the supreme
court.

Demurrer to complaint.

Hugo S. Mack, as assignee for the benefit of creditors, sued Wm. F. Kitsell for the price of goods sold and delivered by the assignors. The part of the answer setting up a separate and affirmative defense was as follows:

*First.*—The defendant on information and belief avers that the plaintiff's assignors are entirely insolvent; that their schedule of liabilities and assets, filed in pursuance of law in the office of the clerk of the court of common pleas in and for the city and county of New York subsequent to the making of the assignment set forth in paragraph II of the complaint, shows $153,307.70 of liabilities and $23,843.22 of assets.

*Second.*—That heretofore and before said assignment was made, and on or about January 17, 1887, the plaintiff's assignors represented to the defendant that they were solvent and that their assets were greatly in excess of their liabilities, and then and there urged the defendant to make his certain promissory note for their accommodation.

*Third.*—That the defendant thus urged and relying upon said representations and upon their express promise to meet said note and to indemnify and save harmless the defendant from all costs and damage in consequence of his becoming such accommodation maker, then and there made certain notes payable to said assignors and delivered the notes to them without any consideration; that the notes were of the following denomination and five in number, viz.: $423.80; $423.80; $423.80; $491.40; $521.60, making a total of $2,284.40, which notes the plaintiff's assignors had discounted for their own sole and exclusive benefit.

*Fourth.*—The defendant was not aware of the plaintiff's assignors' true financial condition at the time of the delivery of the notes on or about January 17, 1887, or that they were about to fail and make an assignment within ten days afterwards, and the defendant believed their statement that they were solvent and that the defendant would not have made the notes but for such statement; on information and belief the defendant avers that the plaintiff's assignors were

Mack *v.* Kitsell.

then hopelessly insolvent, and they well knew it at the time and that they made the false assertion of their solvency to deceive and defraud the defendant and entrap him into making said accommodation paper.

*Fifth.*—That said notes which the defendant made for the accommodation of plaintiff's said assignors have matured and the plaintiff and his assignors have failed, neglected and refused to pay said notes or either of them as the plaintiff's assignors had agreed to do, and the defendant has been sued by the North River Bank upon one of the notes which it had discounted for the plaintiff's assignors amounting to the sum of $491.40, and judgment went against the defendant on May 4, 1887, for $511.80, and there is now outstanding an execution against the defendant's property issued upon said judgment.

*Sixth.*—The defendant has suffered damages by the failure of the plaintiff and his assignors to meet said obligation as the plaintiff's assignors had agreed to do, and by their failure to indemnify and save harmless the defendant from all costs and damage in consequence of making said notes for their accommodation.

*Seventh.*—That the remainder of said notes will soon mature, greatly to the defendant's detriment; that by reason of said judgment and execution, and the defendant's liability under the other notes, the defendant has suffered and will suffer damages in a sum greater than any sum which the defendant may owe for goods sold to him by the plaintiff's assignors.

Wherefore the defendant pays for a judgment:

*First.*—That the plaintiff's complaint be dismissed.

*Second.*—That the damages suffered by the defendant may be set off against any alleged claim for goods sold to the defendant.

*Third.*—That as a condition precedent to the recovery by the plaintiff in this action that he carry out his assignors' agreement to save the defendent harmless against said judgment, execution and notes by discharging them all.

*Fourth.*—That the defendant have his costs and disbursements of this action.

To this answer the plaintiff demurred for insufficiency.

*Fernando Solinger*, for defendant, in opposition to the demurrer.—I. This [N. Y. City] court has jurisdiction of the defendant's defense if it sets forth facts constituting an equitable set-off to the plaintiff's claim, even though it is a court of limited jurisdiction, and that this action is an action at law (*Code Civ. Pro.* §§ 507, 3339, 3347).

II. The defendant's answer shows a perfect defense, as the plaintiff's assignors are liable to the defendant for their breach of contract in a sum greater than that claimed in this action, and, on account of their insolvency, the plaintiff stands in the shoes of his assignors, and whatever would be a defense if his assignors were plaintiffs is a defense in this action (Warner v. Beardsley, 8 *Wend.* 194; Gibbs v. Mennard, 6 *Paige*, 258; Hannay v. Pell, 3 *E. D. Smith*, 432; Loosemore v. Radford, 93 *M. & W.* 657; Decker v. Matthews, 12 *N. Y.* 313; Maas v. Goodman, 2 *Hilt.* 275; Rothschild v. Mack, 3 *N. Y. State Rep.* 471; Smith v. Felton, 43 *N. Y.* 419). A loan by the plaintiff of his own check which the borrower uses as money is like the loan of money, and it is not necessary that the check should be paid by him, before commencing a suit to recover the amount of it from the borrower (Hilliard v. Bothel, 4 *New Eng. R.* 162; *Daniel on Inst.* §§ 183, 1204). On demurrer, all reasonable intendments will be indulged in, in support of the pleading demurred to. The remedy for indefiniteness and uncertainty in a pleading is by motion, not by demurrer (Lorillard v. Clyde, 86 *N. Y.* 384).

*B. Lewinson*, for the plaintiff, opposed.

McADAM, Ch. J.—This case may be viewed in two aspects—one legal, the other equitable. At law, if A makes promissory notes for the accommodation of B, the payee, and

they are subsequently negotiated and dishonored, A has no cause of action against B until he first pays the notes, and then his action is for money paid to B's use (*Cow. Tr.* § 317, and cases cited). Tested by these common law rules, the outstanding liability pleaded by the defendant constitutes no defense to the demand in suit. But A (the defendant) pleads, as he lawfully may, to a common law action, an equitable defense (*Code Civ. Pro.* § 507), to wit: (1) the insolvency of B. (2) That as the notes given to B were for B's accommodation, B in point of fact is principal, and A merely surety thereon, and that B agreed to indemnify and save A harmless therefrom. It is true A has no claim till he has paid something on the liability, but in · equity he may, as surety, apply to the court for such relief as will compel B to discharge the liability (8 *Wend.* 194; 6 *Paige,* 258; 3 *Swanst.* 368).

A would be entitled to this relief if he had commenced a suit in equity for that purpose; and the Code of Civil Procedure (§ 507), in effect provides that he may obtain such relief by means of an equitable defense. The judgment for the plaintiff may provide that the defendant be allowed to pay the amount of any recovery in discharge of his liability (Hannay v. Pell, 3 *E. D. Smith,* 432). The present action resembles very much the case last cited, and the relief claimed may be granted (B being insolvent), though the liability of A has not as yet matured (Lindsay v. Jackson, 2 *Paige,* 581). In the present instance part of the liability has matured and is in judgment, as in Hannay v. Pell (*supra*). The plaintiff is an assignee of B for the benefit of creditors, and this equitable defense is equally available against him (Smith v. Felton, 45 *N. Y.* 419 ; Rothschild v. Mack, 3 *N. Y. State Rep.* 471).

The Code provision in regard to equitable defenses applies to the city court as fully as to the supreme court of the State (*Code Civ. Pro.* § 3347, subd. 4). It follows that the defendant has pleaded a good equitable defense, and that the demurrer thereto must be overruled, with costs.