(16 Misc. Rep. 339.)

## RICHARDS et al. v. LITTELL.

(Supreme Court, Appellate Term, First Department.　March 23, 1896.)

1. COURTS—JURISDICTION—EQUITABLE RELIEF.

The provisions of Code Civ. Proc. § 501, permitting, as a counterclaim, a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, does not confer upon the city court of New York equity jurisdiction to grant affirmative equitable relief asked by way of counterclaim.

2. USE AND OCCUPATION—PLEADING—ANSWER—EQUITABLE DEFENSE.

In an action against a tenant for use and occupation, where the answer alleges possession and occupation under a contract of sale, and asks, by way of counterclaim, a decree of specific performance, the fact alleged is available as an equitable defense, though the court had no jurisdiction to grant the affirmative relief demanded, and a demurrer thereto should be overruled.

Action brought by William Richards and others against Cortland B. Littell to recover for the use and occupation of certain premises occupied by defendant.　From a judgment in favor of plaintiffs, the defendant appeals.　Modified.

For former report, see 32 N. Y. Supp. 919.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Millard C. Ernsberger, for appellant.

William J. Gilroy, for respondents.

DALY, P. J.　The action was brought against the defendant as tenant of premises on the north side of 158th street, 100 feet west of Gerard avenue, to recover for their use and occupation.　The answer, for a separate defense, and by way of counterclaim, avers that the defendant went into possession of the premises pursuant to a contract with plaintiffs whereby they agreed to convey the premises to him, and asks specific performance of the agreement, and demands judgment decreeing the execution of a deed by plaintiff, etc.　The plaintiff demurred to the counterclaim, on the ground that the city court had not jurisdiction of the subject thereof and that the counterclaim did not state facts sufficient to constitute a cause of action.　The demurrer was overruled, and interlocutory judgment ordered that, unless plaintiff replied to the counterclaim, and paid costs, the defendant had final judgment for the relief claimed, namely, that plaintiff execute and deliver a good and sufficient deed for the conveyance of the premises according to the contract. ° On appeal, the general term reversed the judgment, and ordered judgment sustaining the demurrers, with costs, and judgment for costs was entered.

The decision of the general term reversing the judgment in de-

fendant's favor upon the demurrer was undoubtedly correct. The city court had not equity jurisdiction to render a judgment for specific performance. It has jurisdiction of certain equitable actions specified in the Code, namely, actions to foreclose mechanics'. liens and liens upon chattels. Code, §§ 315–317. Otherwise, the court has no equitable powers. McMahon v. Rauhr, 3 Daly, 116; 47 N. Y. 67.

It is claimed that equity jurisdiction may be exercised when invoked by counterclaim, although no such jurisdiction could be claimed in an independent action for the same relief. Defendant relies upon section 3174 of the Code as authorizing a counterclaim for purely equitable relief in the city court. That section is as follows:

"A counterclaim specified in subdivision second, section 501, of this act cannot be interposed in an action brought in the court unless it is of such a nature that the court has jurisdiction of an action founded thereupon; except that in an action brought by an executor or administrator any counterclaim may be interposed which could be interposed in a like action brought in the supreme court. A counterclaim may be interposed in an action brought in that court without respect to the amount thereof; and judgment thereupon in favor of the defendant may be rendered for any sum."

The first subdivision of section 501 permits a counterclaim upon a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. Subdivision 2 permits a counterclaim, in an action on contract, of any other cause of action on contract existing at the commencement of the action. The argument is that, where the counterclaim arises out of the contract or transaction set forth in the complaint, or is connected with the subject of the action, there is no restriction upon the jurisdiction of the court.

The intention to confer equitable jurisdiction upon the city court must plainly appear, and cannot be implied. The court is a court of limited legal jurisdiction, and unless, in the exercise of jurisdiction expressly granted, equitable powers are necessary, none will be presumed. The defendant's argument rests upon implication only. It has been held that a defendant may plead an equitable as well as a legal defense to an action in a court having no equitable jurisdiction, and, although the matter pleaded is not available as a counterclaim, it has been held that it is available as a defense. Constant v. Barrett (Com. Pl.) 34 N. Y. Supp. 163; Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Bank v. Wood, 1 Misc. Rep. 145, 20 N. Y. Supp. 640.

In this case the facts alleged in the answer were characterized both as a defense and as a counterclaim. As a defense they were available to the defendant, although the court had no power to grant the affirmative relief demanded. If, therefore, the plaintiff had a right to demur to the matters pleaded, because they were characterized as a counterclaim, and because affirmative equitable relief was demanded, nevertheless, the demurrer did not dispose of the equitable defense contained in the allegation, and judgment in plaintiff's favor upon the demurrer did not dispose of all

the issues in the action, there still remaining the issue of fact upon the equitable defense. Where an issue of fact remains to be tried after demurrer to a counterclaim is sustained, final judgment is improper. There should be an interlocutory judgment only, as final judgment cannot be entered until the case is ready for final judgment upon all the issues. Biershenk v. Stokes (Com. Pl.) 18 N. Y. Supp. 854. In this case final judgment for the plaintiff was directed by the decision of the general term, and that decision would, in any event, have to be modified. But it would seem that, inasmuch as the matter pleaded as a counterclaim by the defendant is available as an equitable defense, a demurrer would not lie to it. The substance of the answer is good as a defense, and the demurrer is, in effect, simply to the prayer for relief. See cases cited in Bliss' Code Civ. Proc. (3d Ed.) p. 480, note C.

There is no warrant for a demurrer to the demand for relief. The proper course for the plaintiff would have been to go to trial upon the defense in the answer. The court not having equitable jurisdiction to give the affirmative relief in the answer, the demand for the latter would be disregarded. A demurrer was unnecessary, and even objection to the demand for affirmative relief would have been equally unnecessary, as the court would disregard it.

The judgment of the general term must therefore be modified. So much thereof as reverses the interlocutory judgment entered at the special term is affirmed, and so much as sustains the demurrer is reversed, without costs of this court or of the general or special terms of the city court. The proper course for the plaintiff would be to withdraw his demurrer, which he should be permitted to do, and the city court, in its discretion, may allow him to do so without costs. All concur.

