GROFF y. FRIEDLINE.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

COUNTERCLAIM—DEBTS DUE AT DIFFERENT TIMES—PAYMENT.
Defendant indorsed a note payable to her creditor, and procured its discount. The proceeds were paid to the creditor under an agreement that, if the note should not be paid when due, and defendant should take it up, the amount thereof should be credited on the debt due from defendant.

Afterwards, and before maturity of the note, the debtor made an assignment for benefit of creditors, and when the note became due defendant paid it. *Held*, that such payment of the note was a payment by defendant to her creditor as of the time of the discount of the note, and was a proper counterclaim, in an action by the assignee of the creditor to recover the debt.

Appeal from city court of New York, general term.

Action by Frederick C. Groff, as general assignee of Benedict & Fowler, against Louisa C. Friedline, to recover from defendant an amount alleged to be due plaintiff, as such assignee, for goods sold and delivered. A judgment in favor of defendant was affirmed by the city court (38 N. Y. Supp. 1122), and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

L. B. Bunnell, for appellant.

Lippmann & Ruck, for respondent.

McADAM, J. The complaint alleges that between June 16, 1893, and July 17, 1894, the firm of Benedict & Fowler sold and delivered to the defendant merchandise amounting in value to $3,902.40, on which there was a balance of $600 due, and that subsequently, and on December 12, 1894, the firm made a general assignment to the plaintiff for the benefit of creditors, whereby the cause of action became vested in him. The defendant pleaded certain set-offs, which were allowed by the jury, and about which no serious contention is made on this appeal, and alleged, by way of counterclaim, that on or about November 20, 1894, she paid in advance to the firm the sum of $462, which amount was received by it, and no credit therefor given to her, and that the credit to which she was thus entitled would have more than satisfied the demand in suit. The controversy is as to this alleged counterclaim. The plaintiff claims that there was no payment, but that the transaction was substantially this: Mr. Benedict, one of the firm, gave Mr. Friedline, the defendant's husband, a note of W. B. Williams, one of the firm's customers, made to the order of Benedict & Fowler, for $462, and asked Friedline to get the money for it; that Friedline took the note to August Kohn, who, upon the guaranty or indorsement of the defendant, gave him the amount, which he handed to Mr. Benedict as the proceeds of the discount; that the note was not paid at maturity, and the defendant, as guarantor or indorser, was obliged to take it up, and, as the note had not matured at the time of the assignment to the plaintiff, the sum subsequently paid thereon by the defendant was not a proper subject of counterclaim (Code, § 501, subd. 2; Church Co. v. Clarke, 77 Hun, 467, 28 N. Y. Supp. 870; Myers v. Davis, 22 N. Y. 489), and in respect thereto the defendant became a mere general creditor of the insolvent firm, entitled to collect from its assignee whatever dividend may become payable to its creditors. The defendant, on the other hand, insists that she indorsed the note, and obtained the money thereon, on the credit of her indorsement, from August Kohn, and that, at the time she paid the money over to Benedict, it was agreed that

the amount so paid should then be credited by his firm on the account against her; that the note was really given to her as collateral security for any overpayment made, or that might be made, to Benedict & Fowler,—the proceeds, if paid, to be accounted for upon a final settlement of accounts between them. The claim seems odd, yet it may be true. The case was submitted to the jury, which found the defendant's theory to be correct,—that the plaintiff's assignors had been paid in full prior to the assignment, and therefore the assignee had no cause of action. While the version of the transaction given by the plaintiff's witnesses conforms to businesslike methods, and that given by the defendant is out of the usual course, the jury nevertheless had the right to believe the defendant and her witnesses; and, as the verdict has been approved by the trial judge and general term of the city court, we cannot interfere with the finding. Arnstein v. Haulenbeek, 16 Daly, 382, 11 N. Y. Supp. 701; Claflin v. Watch Co., 7 Misc. Rep. 668, 28 N. Y. Supp. 42; Gleason v. Thom, 16 Misc. Rep. 30, 37 N. Y. Supp. 680; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687.

No error of law having been committed to the plaintiff's prejudice, the judgment must be affirmed, with costs. All concur.