### MALKEMESIUS v. PAULY et al.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

DISTRICT COURT OF NEW YORK CITY—JURISDICTION—FRAUD.

The district court of New York City, in an action on a bond given by the claimant of attached property, has jurisdiction to determine whether the claimant's title to the property was obtained by fraud.

Appeal from First district court.

Action by Charles Malkemesius against Julius Pauly and others. Judgment was rendered in favor of plaintiff for $186.46, and defendants appeal. Affirmed.

The action was brought upon an undertaking on which defendants were sureties, given under section 2912 of the Code (section 1323, Consolidation Act), providing as follows: "If a person not a party to the action claims any property attached which is not reclaimed by the defendant as prescribed in the last section, he may at any time after the seizure and before execution is issued upon a judgment, rendered in the action, execute and file with the justice, a bond to the plaintiff with one or more sureties approved by the marshal or by the justice; in a penalty in at least twice the value of the property claimed; and conditioned that in an action upon the bond to be commenced within three months thereafter the claimant will establish that he was the general owner of the property claimed at the time of the seizure; or if he fails so to do, that he will pay to the plaintiff the value thereof with interest; the marshal must thereupon deliver the property claimed to the claimant."

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Rudolph Dulon and Dulon & Roe, for appellants.

Louis Levy, for respondent.

DALY, P. J.    This judgment was recovered against the defendants upon a bond given by them, as sureties, to secure the release of attached property, as provided by section 2912 of the Code of Civil Procedure, conditioned that in an action upon it the defendant Julius Pauly would establish that he was the general owner of the property claimed at the time of the seizure, which had been released upon the giving of the bond.    The claimant, Pauly, was the general assignee of the judgment debtor in an assignment for the benefit of creditors executed prior to the levy of the plaintiff's attachment, and the issue in this action was whether that assignment was fraudulent and void.    The trial justice, by his judgment, found that it was, and the evidence is sufficient to sustain the finding.    Aside from the testimony that the assignor's agent, Gottlieb Manasse, who had entire charge of the business, and who, it was testified, had admitted that he had included in the schedule of liabilities $4,000 in notes which they did not owe, there were several discrepancies in the testimony of the witnesses for the defendants called to support the correctness of the schedules, which may be regarded in two ways,—either as mistakes, or as slips in an attempt to conform their statements to prearranged and fabricated testimony.    The assignee, Pauly, first swears that he was not a creditor at the time of the assignment, and afterwards, when his attention is called to the schedules which set forth an indebtedness to him of $500, testifies that he supposed that he had discounted a note for that amount, and that it was at his bank, where he had it discounted.    But if he had such a note it must have been in his possession, and not at the bank; for Julius Friedlander, another suspected creditor, being called to corroborate the schedules, testified that he took the note up, when due, from Pauly himself. Julius Friedlander first swears that he never held any moneys belonging to the firm, but afterwards testifies that he received $1,000 from Zeidler, and $750 from William Friedlander, to disburse to the firm,—the two last named being also named as creditors.    Julius Friedlander also swears to the discount of notes for the firm, but does not produce them; and William Friedlander, who lent the $750, testifies that he tore up the note he received for it.    The trial justice had advantages that this court does not possess for determining what weight should be given to the testimony of the witnesses.

The appellants admit in their brief that they tried the case on the theory that the district court had authority to determine whether or not the assignors were guilty of fraud in making the assignment, and expressly states that they did not press an objection in that regard.    But no such an objection would be tenable, as no affirmative relief was asked, such as the setting aside of the assignment as fraudulent; and the district court therefore was not without jurisdiction because of its lack of equity powers, none being invoked by the plaintiff.    A court of law has power to try the question of fraud when title to personal property is attacked upon that ground, and the district court had jurisdiction in this case.    Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp.

73, and cases cited.　Jurisdiction to entertain actions upon bonds of this character is expressly conferred upon the district courts by section 1323 of the consolidation act; and this jurisdiction necessarily involves the trial of title, and of every issue which can arise respecting it, including that of fraud.

The judgment must be affirmed, with costs.　All concur.