## MEYER et al. v. CHAMBERLYN.

(City Court of New York, General Term. January 26, 1900.)

SET-OFF AND COUNTERCLAIM—ACCOUNTING—DEFENSE.

    A counterclaim against a demand on a contract for goods sold and delivered, showing defendant only entitled to an accounting, cannot be set up in the city court of New York.

Appeal from special term.

Action by Meyer and others against Chamberlyn. From a judgment for defendant, and from an order overruling plaintiffs' demurrer to defendant's counterclaim, plaintiffs appeal. Reversed, and demurrer sustained, but with leave to answer over.

Argued before O'DWYER, HASCALL, and CONLAN, JJ.

J. A. Arnold, for appellants.

A. Seligsberg, for respondent.

HASCALL, J. It seems to me that the demurrer to defendant's alleged counterclaim should have been sustained. The allegations of the complaint, being averment of a charge upon contract, are all admitted by the answer; but by way of "a separate and distinct defense herein, and by way of counterclaim," defendant pleads an agreement between the parties quite foreign to the cause of action stated in the complaint, under which defendant advanced moneys to plaintiffs amounting to much more than their demand, for which plaintiffs have not accounted, but which accounting has been demanded, etc. And, upon these allegations, defendant demands judgment that the complaint, whose averments he has admitted, be dismissed, and that he recover a specific amount of money, notwithstanding he has shown himself only entitled to an accounting not obtainable within our limited jurisdiction. But defendant also suggests a defense to his counterclaim when he alleges that "plaintiffs were to act, for a remuneration therein stipulated, as agents for defendant; * * * defendant agreeing to pay traveling expenses of one plaintiff," etc. Non constat but that the accounting would show a further indebtedness from defendant than that alleged in the complaint. In any event, and in whatever view, the equity side of a court, having such general powers, must determine the validity of defendant's counterclaim; and it may not here be set up against a demand upon contract for goods sold and delivered. If we choose that the counterclaim be for money had, etc., it must be accompanied by a promise to pay. Roldan v. Power, 14 Misc. Rep. 484, 35 N. Y. Supp. 697. And in the case at bar defendant could not safely or truthfully urge such a condition of fact. This forces the conclusion that the averments of the defendant's pleading, in this view, also, do not constitute a cause of action against plaintiffs.

Interlocutory judgment reversed, and demurrer sustained, with costs and disbursements in this court and below, but with leave to answer over upon payment of same. All concur.