(59 Misc. Rep. 54.)

## SULLIVAN v. BANKERS' SURETY CO.

(City Court of New York, Trial Term.   April, 1908.)

PRINCIPAL AND SURETY—RIGHTS OF SURETY—SET-OFF—DEPOSIT.

    Plaintiff deposited with a surety company certain money to protect it against liability as his surety on a bond, and thereafter took out an excise bond from the same surety company, and, having forfeited the latter, assigned to a third party his right in the money deposited in the surety company as indemnity for the first bond. *Held*, in an action to recover the deposit after liability on the original bond had ceased, the surety company could offset the amount of its liability on the excise bond, for which judgment had been recovered against it, against the assignee's claim to the money deposited.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, § 503.]

Action by Patrick Sullivan against the Bankers' Surety Company. On motion to direct verdict for defendant.   Granted.

William A. Goodhart, for plaintiff.

White & Blackford (Henry White, of counsel), for defendant.

SCHMUCK, J.   Plaintiff endeavors to recover the sum of $1,800, deposited with the defendant by plaintiff's assignor to secure the defendant against any untoward act of plaintiff's assignor.   Defendant resists, protesting that, as plaintiff's assignor had violated his bond (in another matter) and thereby brought upon the defendant the liability for the penalty, it had a right to offset that liability against plaintiff's claim.

There can be no doubt that, when plaintiff's assignor violated the excise law, he brought upon the defendant, his surety, a liability for the penalty of the bond, which liability the evidence shows was enforced by the state excise commissioner, who procured a judgment upon the bond against the defendant as surety.   As soon as that liability was incurred, it became the duty of plaintiff's assignor to protect and secure the defendant from that liability, and the defendant was justified in demanding that plaintiff's assignor either assume the obligation or protect it from the responsibility thereof.   Kolb v. National Security Co., 176 N. Y. 233, 68 N. E. 247; Mack v. Kitsell, 20 Abb. N. C. 293.   That such a right existed is further attested by the indemnity agreement between the plaintiff's assignor and the defendant, wherein plaintiff's assignor stipulates that he would assume such liability, thereby making it his own obligation; for where a party has an indemnity agreement such as existed between the plaintiff's assignor and defendant, not only against actual damages, but also against any liability for damage or expenses, he need not wait to enforce his claim until he has actually paid the damages, but the right inures and his cause of action is complete when he becomes legally liable for them. Chace v. Hinman, 8 Wend. 452, 24 Am. Dec. 39; Webb v. Pond, 19 Wend. 423; Gilbert v. Wiman, 1 N. Y. 550, 49 Am. Dec. 359.   The cases of Chace v. Hinman and Rockfeller v. Donnelly, 8 Cow. 623, clearly indicate that when the charge against the obligee is reduced to a certainty he may eo instanti enforce his demand against his ob-

ligor, and need not wait until he satisfies the charge against himself, thereby avoiding circuity by enabling the obligee to procure means of satisfying the charge, in the first instance, from the one who in justice and equity ought to bear it. Therefore, when the plaintiff's assignor violated the excise law, he instantly became liable to the defendant for the full liability he brought upon it.

The question now arises: Can this right avail the defendant in this action? May the defendant predicate this equity as a defense against the claim of plaintiff, the assignee of the party against whom the equity exists, remembering that plaintiff is the assignee in an independent cause of action on which the surety is indebted to the principal. It would appear, in accordance with the well-established principle that equity requires that cross-demands be set off against each other if from the nature of the claim or the situation of the parties justice cannot otherwise be served, that the defendant herein is entitled to set off his claim against that of the plaintiff; for it is enough that justice and equity demand that the obligations should be set off against each other, rather than that the defendant be compelled to liquidate plaintiff's claim and be left to rely upon the problematical ability of plaintiff's assignor to satisfy defendant's claim. Technical objection, available at law, will not suffice to defeat an equitable set-off. Ex parte Hanson, 12 Ves. 346; Smith v. Felton, 43 N. Y. 419; Mack v. Kitsell, 20 Abb. N. C. 293. By virtue of section 3347, subd. 4, Code of Civil Procedure, equitable defenses are available in actions brought in the City Court. The proof establishes that the assignment upon which plaintiff bases his claim is subsequent to the violation of the excise law by plaintiff's assignor, and therefore to the creation of defendant's right to have plaintiff's assignor satisfy the liability incurred by reason of such violation.

The motion of defendant is granted, and a verdict for defendant directed.