OPPENHEIMER v. TREBLA REALTY CO. et al.

(Supreme Court, Appellate Term. May 9, 1912.)

1. REFERENCE (§ 26*)—ORDER—JURISDICTION—CURING OF DEFECTS.

Where the City Court goes beyond its jurisdiction, though with the consent of the parties, and orders a reference for an equitable accounting, the proceedings before the referee are without jurisdiction, though no accounting is in fact had.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 43; Dec. Dig. § 26.*]

2. REFERENCE (§ 34*)—ORDER—JURISDICTION—TIMELY OBJECTION.

The question of the jurisdiction of the City Court to order a reference may be raised at any time, though the order is entered by consent.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 61, 62; Dec. Dig. § 34.*]

Appeal from City Court of New York.

Action by Herman H. Oppenheimer against the Trebla Realty Company and others. From judgment for plaintiff, defendants appeal. Reversed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Manheim & Manheim, of New York City (Jacob Manheim, of New York City, of counsel), for appellants.

J. Nathan Helfat, of New York City (Abraham Tulin, of New York City, of counsel), for respondent.

GERARD, J. This is an appeal by defendants from a judgment in favor of plaintiff, entered on the report of a referee. The defendants raised the point that the City Court had no jurisdiction to make the order of reference, and raised this point at the outset of the reference. This order was in the following form, omitting the caption:

"This action, having regularly come on for trial before Hon. Peter Schmuck, Justice, on the 24th day of April, 1911, and the following having occurred:

" 'Defendants' Counsel: Counsel for the defendants has offered that there be an accounting between the parties to this action in the manner provided by law, and that the amount, if any, due to the plaintiff from any of the defendants, be then ascertained and determined, and that the collateral be properly applied, and that a proper judgment be rendered in the circumstances.

" 'Plaintiff's Counsel: We will accept the stipulation.'

"It is hereby ordered that Philip J. Dunn, Esq., be and he hereby is appointed referee under the said stipulation."

[1] It is contended by plaintiff that an examination of the testimony taken before the referee shows that an accounting was not in fact had, but that in fact the reference was one to hear and determine the issues in an action at law; but, if the City Court had no jurisdiction to make the order, this defect cannot be cured, or even the intention of the parties ascertained, from after-occurring events. The order on its face is not ambiguous.

[2] The City Court has no jurisdiction to direct the taking of an equitable account, and the question of jurisdiction is one which may be raised at any time, and even though the order was entered on consent. Dudley v. Mayhew, 3 N. Y. 9. I am also of opinion that the determination of the referee required the exercise of equitable powers. It follows that the judgment based on this order must be reversed.

Judgment reversed, with costs to appellants. All concur.