OPPENHEIMER v. TREBLA REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. January 24, 1913.)

1. BILLS AND NOTES (§ 489*)—ACTIONS—PRIMA FACIE CAUSE OF ACTION.
    Where, in an action on a note, the answer set up as an affirmative defense an agreement of plaintiff to release defendant from liability on the note, the mere production of the note on the trial established a prima facie case, leaving for trial only the affirmative defense.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

2. ACTION (§ 25*)—NATURE—LEGAL OR EQUITABLE.
    An action on a promissory note is a common-law action, and the interposition of a defense involving the taking of an account does not change its character.

    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–145, 147–149, 153, 156–159; Dec. Dig. § 25.*]

3. COURTS (§ 188*)—CITY COURT—JURISDICTION—ACTION AT LAW.
    Under Code Civ. Proc. § 3347, subd. 4, permitting equitable defenses in common-law actions, applicable to the City Court of the city of New York, that court, having jurisdiction of an action at law, can entertain an equitable defense involving the taking of an account, except that it may not grant affirmative equitable relief.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

4. REFERENCE (§ 26*)—CITY COURT—JURISDICTION TO ORDER.
    Where the City Court of the city of New York had jurisdiction to try an action at law to which an equitable defense involving the taking of an account was interposed, it could, by consent, refer the action.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 43; Dec. Dig. § 26.*]

Appeal from Appellate Term, First Department.

Action by Herman H. Oppenheimer against the Trebla Realty Company and others. From a determination of the Appellate Term (76 Misc. Rep. 452, 134 N. Y. Supp. 1095) reversing a judgment of the City Court of the City of New York for plaintiff and dismissing the complaint, plaintiff appeals. Reversed, and judgment of the City Court affirmed.

See, also, 152 App. Div. 948, 137 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abraham Tulin, of New York City, for appellant.
Manheim & Manheim, of New York City, for respondents.

SCOTT, J. [1] The plaintiff sued in the City Court for the sum of $2,000, due upon a promissory note. The answer, besides certain obviously sham denials, pleaded as a separate defense that prior to the maturity of the note an agreement had been entered into between plaintiff and defendant, whereby plaintiff agreed to release defendant from all liability on account of said note, and to cancel and surrender the same. Although it does not appear on the face of the answer, the fact was afterwards disclosed that what defendant really claimed was that in the course of, and as a result of, certain real estate transactions the plaintiff had received all that was due him upon the note, and in consideration thereof had agreed to cancel the indebtedness. Under the pleadings the mere production of the note established plaintiff's prima facie cause of action, and all that was left to be tried was the affirmative defense. When the cause came on for trial, the defendants made the following proposition:

"Counsel for the defendant has offered that there be an accounting between the parties to this action in the manner provided by law, and that the amount, if any, due to plaintiff from any of the defendants be then ascertained and determined, and that the collateral be properly applied, and that a proper judgment be rendered under the circumstances."

The plaintiff accepted this proposition; whereupon the court appointed a referee, who proceeded to try the issues tendered by the separate defense. Upon the coming in of his report, which was adverse to the defendants, a judgment was entered in favor of plaintiff for the amount claimed. Upon appeal to the Appellate Term this judgment was reversed, but no direction given for a new trial. On a motion to amend the order of reversal, it was amended by adding a provision dismissing the complaint, so that plaintiff, having a perfectly good cause of action of which the City Court admit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tedly had jurisdiction, and to which there is no valid defense, has his complaint dismissed and finds himself saddled with a large bill of costs, incurred because he accepted an apparently fair proposition by the defendants. This is not an appropriate time to criticise the methods and motives of the defense. Our duty will be done if we are able to prevent an injustice from resulting therefrom.

[2] The Appellate Term appears to have been of the opinion that the effect of the stipulation and order of reference was to convert the action into one in equity for an accounting, and therefore that the City Court had no jurisdiction to proceed with it. We think that this view was erroneous. The character of the action is to be determined by the complaint, and, so tested, it was from the beginning and remained throughout a common-law action upon a promissory note, of which the City Court concededly had jurisdiction.

[3] That the defense involved or might involve the taking of an account did not change the character of the action, nor oust the City Court of jurisdiction to determine the controversy; for the interposition of an equitable defense does not transform a legal action into an equitable one. New York & Brooklyn Brewing Co. v. Angelo, 144 App. Div. 655, 656, 129 N. Y. Supp. 713. Section 507, Code Civil Procedure, made applicable to the City Court by subdivision 4 of section 3347 of the Code, permits equitable defenses to be interposed in common-law actions; and it has been held repeatedly that the City Court has jurisdiction to entertain and dispose of equitable defenses interposed in common-law actions, except that it may not give affirmative judgment for a defendant upon a counterclaim which demands only equitable relief.

[4] No doubt the order of reference in the present case was inaptly phrased, but it affords no ground for the contention that its effect was to transform the action into an equitable one. As the pleadings stood, the court could have tried the issues raised by the pleadings; and what it could try itself it could, by consent, refer, and this was all that was done. The attempted defense having failed, left the plaintiff entitled, upon the undisputed facts, to a judgment upon his legal cause of action.

The determination of the Appellate Term must therefore be reversed, and the judgment of the City Court affirmed, with costs to the plaintiff appellant in all the courts. All concur.