OTTO A. SCHREIBER, Plaintiff, *v.* WILLIAM R. NOE and Others, Copartners Composing the Firm of WILLIAM R. NOE & SONS, Defendants.

City Court of New York, New York County, June 2, 1930.

*Strasbourger & Schalleck*, for the plaintiff.

*Saul S. Myers*, for the defendant.

WENDEL, J.   The defendants demand affirmative judgment on their counterclaim that the findings of arbitrators under an arbitration be declared null and void, the arbitration reopened, the settlement thereunder reopened and the general releases executed by defendants to the plaintiff declared null and void.   The matter upon which defendants base this relief is pleaded as a counterclaim and defense.

The jurisdiction of this court to entertain the counterclaim and defense is challenged on this motion to strike out and dismiss.   The objection is that they are equitable.

The defendant contends that affirmative equitable jurisdiction is conferred, with respect to counterclaims, on the City Court of the City of New York by the State Constitution, as amended and in force since January 1, 1927.   Article VI, section 15, of the New York State Constitution, as amended by the People at the general election of 1925, reads: " The City Court of the city of New York is continued, and from and after the first day of January

in the second year following the adoption of this article, it shall have the same jurisdiction and power throughout the city of New York, under the name of the City Court of the city of New York, as it now possesses within the County of New York and County of Bronx, and original jurisdiction concurrent with the Supreme Court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding three thousand dollars, and interest, and in actions of replevin, foreclosure of mechanics' liens and liens on personal property where the property involved does not exceed in value the sum of three thousand dollars. Its jurisdiction to enter judgment upon a counterclaim shall be unlimited."

When this enactment became effective, this court had concurrent jurisdiction with the Supreme Court with regard to equitable defenses but had no power to grant affirmative equitable relief on a counterclaim. (*Meyer* v. *Chamberlyn*, 62 N. Y. Supp. 431; *Groff* v. *Bliss*, 19 Misc. 14; *Richards* v. *Littell*, 16 id. 339; *Brooks* v. *Cannon*, 9 N. Y. St. Repr. 506; *Mack* v. *Kitsell*, 20 Abb. N. C. 293.)

The provision that jurisdiction to enter judgment upon a counterclaim shall be unlimited must be read in context with the provisions that precede it in the same section, which limit jurisdiction to actions for the recovery of money only, except in the specified actions for possession and foreclosure. The words "unlimited jurisdiction" are not to be isolated and literally defined. The concept of the entire enactment is to be sought. I do not interpret this section (15) as permitting a defendant to prosecute a purely equitable cause of action in this court and denying the same right to a plaintiff. The unlimited jurisdiction as to counterclaims must be regarded as relating to amount only. Section 18 of the New York City Court Act confines the nature of the counterclaims that may be properly interposed in an action in this court to causes of action at law.

The defendant cites as sustaining authorities *Matter of Byrne* v. *Padden* (248 N. Y. 243); *Sullivan* v. *Bankers Surety Co.* (59 Misc. 54); *Oppenheimer* v. *Trebla Realty Co.* (154 App. Div. 593). However, none is applicable to the proposition under consideration. The *Byrne* case holds that the City Court of Long Beach having acquired jurisdiction of a summary proceeding with power to enter judgment for rent due, could enter a judgment for any amount found to be due, notwithstanding that its jurisdiction was limited to actions where the amount did not exceed $1,000. The holding was that the court having acquired jurisdiction of the summary proceeding and to enter judgment for rent found to be due, could dispose of the

entire dispute between the parties and render judgment for any amount.

The *Sullivan* case merely holds that an equitable defense may be interposed in an action in this court, which principle was previously adverted to. The *Oppenheimer* case reiterates the rule that the interposition of an equitable defense does not transform an action at law into one in equity.

Motion to strike out the counterclaim is granted, with ten dollars costs. However, as there are portions of the matter pleaded which, if established, might constitute a defense, defendants are granted a leave to serve an amended answer on or about June 10, 1930. Order signed.