HELEN McCONNELL, Plaintiff, *v.* LOUHERM OPERATING CORPORATION, Defendant.

City Court of New York, Special Term, Kings County, August 19, 1943.

*Irving Segal* for defendant.

*Joseph H. Sand* for plaintiff.

SCHWARTZWALD, J. This motion for a separate trial on the issues arising out of the first separate and distinct affirmative defense is granted. The action is in negligence. The answer of the defendant, besides a general denial, sets up a separate and distinct affirmative defense alleging that the plaintiff released the defendant from all claims which she had against the defendant on or before the date of the release, and that the release included the claim upon which the plaintiff bases this cause of action. By order of this court the plaintiff was directed to serve a reply, which contained denials of each and every allegation of the defendant's separate, distinct and affirmative defense of general release and, further, stated that the plaintiff was requested to execute a receipt and that thereupon she would be reimbursed for medical expenses, and that in reliance thereon she signed a writing submitted to her; that if the writing was a general release of all her claims

the same was obtained by means of false and fraudulent statements, and that the nature of the writing and the purpose for which it was obtained were fraudulently concealed from the plaintiff and, therefore, it is of no force and effect for the purposes now asserted by the defendant. The defendant contends that the defense of general release should be heard in a separate trial and cites numerous authorities in the Supreme Court granting such relief. The plaintiff does not controvert the defendant's claim that the separate trial could be granted in the Supreme Court, but states that the City Court has no power to try the question of general release separately. While the powers of the City Court are statutory, it has equitable powers necessary to complete the determination of a matter over which it has assumed jurisdiction. (*Smith* v. *Emigrant Industrial Savings Bank*, 2 N. Y. S. 617.) It was held in *Matter of Byrne* v. *Padden* (248 N. Y. 243) that a " * * * local court, having once obtained jurisdiction may dispose of the entire dispute between the parties unless prohibited by Constitution or statute." There is nothing in the statute or in the Constitution that prohibits the relief sought herein (*Groff* v. *Bliss*, 19 Misc. 14). In the case of *Boegl* v. *Third Avenue Railroad* (City Court, New York County, N. Y. L. J., May 20, 1937, p. 2543, col. 5), Mr. Justice BYRNES, now Chief Justice of this court, held that the question of general release could be separately tried and the parties consented to the trial thereof before him without a jury. The plaintiff herein argues that, inasmuch as the parties consented, the question was never decided as to whether or not the court had power to separately try the defense of general release. With this the court cannot agree. Even consent would not have given the power to try this issue if the court did not have the necessary equitable jurisdiction to pass upon the question.

The question of the equitable powers of the City Court of the City of New York is no longer novel. The reports are replete with cases wherein equitable questions have been passed upon once the court has acquired jurisdiction. (*Oppenheimer* v. *Trebla Realty Co.*, 154 App. Div. 593.)

Settle order on two days' notice.